SIMPSON, *Appellant*, v. REYNOLDS.

**Corporation**: CREDITOR'S REMEDY AGAINST STOCKHOLDER: GARNISH-MENT. A stockholder can only be made liable to an execution creditor of the corporation on garnishment when he is in default to the corporation for installments due on his stock, or for calls made by the directors. If his liability is not due according to the terms of his subscription, and no call has been made by the directors, the creditor's remedy is by special execution awarded under section 13, page 291, Wagner's Statutes. (Following *Hannah v. Moberly Bank,* 67 Mo. 678.)

*Appeal from Polk Circuit Court.*—Hon. R. W. Fyann, Judge.

Affirmed.

*James G. Simpson* for appellant.

Norton, J.—This is an action by garnishment on execution, to recover from a stockholder of the Laclede & Fort Scott Railroad Company a balance of unpaid stock. On the 26th day of October, 1872, plaintiff, J. G. Simpson, recovered judgment against the said Laclede & Fort Scott Railroad Company on account, for services rendered, in the sum of $321.25. Several executions were issued and returned not satisfied. On September 18th, 1875, an *alias* execution, credited $60.51, was issued to Dallas county, and returned *nulla bona,* and further showing that M. L. Reynolds had been summoned to answer as garnishee. Said garnishee appeared, and answered that he did not owe said railroad company anything. This answer was denied by plaintiff. Replication filed. At the spring term of the Polk county circuit court the cause was heard and tried. The evidence showed that the defendant, M. L. Reynolds, at the time of the service of the garnishment upon him, was the holder or owner of one share of the capital stock of the said defendant, the Laclede and Fort Scott Railroad Company, of the par value of $100, for which he had paid $50 only, which sum, he claimed, it was agreed by and between him and one E. Hovey, vice-president of said railroad company, was, to entitle him to one share of paid up stock of the par value of $100. The circuit court gave judgment for the garnishee defendant, and plaintiff appealed.

In the case of *Hannah v. The Moberly Bank*, 67 Mo. 678, it was held that a stockholder could only be made liable to an execution creditor of the corporation on garnishment, when such stockholder was in default to the corporation for installments due on his stock, or for calls made by the directors; and that the liability of a stockholder to a

corporation for unpaid stock, which is not due according to the terms of his subscription, and for which no calls have been made by the directors, can only be enforced in favor of a judgment creditor by a special execution awarded according to the provisions of Wagner's Statutes, page 291, section 13. The above case is decisive of this, and the judgment will be affirmed, with the concurrence of the other judges.