[No. 1156.]

## C. McKELVEY, APPELLANT, v. L. L. CROCKETT, RESPONDENT.

STOCKHOLDER OF CORPORATION—LIABILITY AS GARNISHEE—UNPAID SUBSCRIP-
TIONS.—A stockholder in a banking corporation cannot be held liable for
his unpaid and uncalled subscriptions, in an action at law against him as
the garnishee of the principal debtor.

APPEAL from the District Court of the Seventh Judicial
District, Washoe County.

The facts are stated in the opinion.

*William Cain*, for Appellant:

I. The unpaid sum of money due from a stockholder to
the corporation is a *legal* debt, and can be reached by a
creditor of the corporation like any other debt due to it, or
like any other of its assets. The corporation could recover
the same by an action at law in assumpsit or debt, and can
be garnisheed. (*Pittsburgh C. R. Co.* v. *Byers*, 32 Penn.
St. 22; *McCully* v. *Pittsburgh C. R. Co.*, 32 Penn. St. 25;
*Peterson* v. *Sinclair*, 83 Penn. St. 250; *King* v. *Elliott*,
5 S. & M. (Miss.) 428; *Curry* v. *Woodward*, 53 Ala. 371;
*Sanger* v. *Upton*, 91 U. S. 62; *Hatch* v. *Dana*, 101 U. S.
205; *County of Morgan* v. *Allen*, 103 U. S. 508; *Ogilvie* v.
*Knox Ins. Co.*, 22 How. 380; *Van Hook* v. *Whitlock*, 3
Paige 415; Thompson L. of Stockh., sec. 105.) If, there-
fore, the amount due for shares of stock be a legal debt,
then the same may be taken under garnishee proceedings.
(*Pease* v. *Underwriters*, 1 Ills. Ap. 287; *Faull* v. *Alaska
G. & S. M. Co.*, 14 Fed. Rep. 657; *Hassie* v. *G. T. W. U.
Cong.*, 35 Cal. 378.) The garnishee is liable to the plaintiff
for the amount of debt owing by him to the principal
debtor. (*Roberts* v. *Landecker*, 9 Cal. 262; *Hassie* v. *G.
T. W. V. Cong.*, 35 Cal. 378; *Robinson* v. *Tevis*, 38 Cal.
612.)

II. The plaintiff may commence an action forthwith
against the assignee. (*Roberts* v. *Landecker*, 9 Cal. 262;
*Robinson* v. *Tevis*, 38 Cal. 612.)

III. These supplemental proceedings are a substitute and in the nature of a creditor's bill. (*Faull* v. *Alaska G. S. M. C.*, *supra ;* Freeman on Ex. sec. 394 ; Freeman on Judg. sec. 327 ; *Adams* v. *Hackett*, 7 Cal. 201 ; *McCullough* v. *Clark*, 41 Cal. 298.) But even if it be admitted that money due from a stockholder to a corporation for unpaid capital stock is a trust fund, to be reached in equity only by creditors of the corporation, we are still met with overwhelming authorities to the effect that *one* creditor who has obtained judgment against a corporation and whose execution has been returned unsatisfied may, by an action in the nature of a creditor's bill, proceed against *one* stockholder to subject the amount due from said stockholder to said corporation to the payment of *his* judgment, and our complaint, in addition to a claim by the garnishee proceedings, contains all the elements of such an action. (*Ogilvie* v. *Knox Ins. Co.* 22 How. 380 ; *Garrison* v. *Howe*, 17 N. Y. 459 ; *Bartlett* v. *Drew*, 4 Lan. 444 ; 57 N. Y. 587 ; *Hatch* v. *Dana*, 101 U. S. 205 ; *Bissitt* v. *Kentucky R. N. Co.*, 15 Fed. Rep. 353 ; *Harmon* v. *Page*, 62 Cal. 448.)

IV. Where the corporation has virtually ceased to do its business no call is necessary, but the unpaid capital stock is due on demand by any creditor of the corporation. (*Hatch* v. *Dana*, 101 U. S. 214 ; *Henry* v. *R. R. Co.* 17 Ohio 187 ; *Curry* v. *Woodward*, 53 Ala. 371 ; *Harmon* v. *Page*, 62 Cal. 448.)

*R. M. Clarke*, for Respondent :

I. Crockett's liability, if any, for unpaid subscription is not a debt which is attachable at law. A debt to be attachable must be " owing to the defendant." (Civil Pr. Act, secs. 128, 130, 131.) To render Crockett liable as garnishee under the attachment, it must appear that the bank had a cause of action against him for the recovery of a debt. No judgment can be rendered against Crockett as garnishee except it appear from the proofs that a legal debt exists from him to the bank. (Drake on Att. 545, 547 ; *Presnall* v. *Mabry*, 3 Por. 105.) A legal debt, as con-

tradistinguished from an equitable demand, is that alone which will authorize a judgment against a garnishee. (Drake on Att. sec. 547; *Hassie* v. *G. I. W. U. Congregat.* 35 Cal. 378; *Hoyt* v. *Swift*, 13 Vt. 133; *May* v. *Baker*, 15 Ill. 90; *Harrell* v. *Whitman*, 19 Ala. 138; *Reinhart* v. *Hardesty*, 17 Nev. 141.) In this case Crockett was not indebted to the bank absolutely in any sum of money whatever. His liability was contingent, not certain. It depended upon call under the statute, and had no existence unless and until call was made. (Drake on Att. sec. 545; *Bingham* v. *Rushing*, 5 Ala. 403; *Faull* v. *Alaska G. & S. M. Co.* 14 Fed. Rep. 657; *Mann* v. *Pentz*, 3 N. Y. 422.)

II. The proceedings should be in equity by all the creditors, or for all the creditors, and it should be against all the stockholders. The action cannot be maintained unless brought by all the creditors, or by one creditor for the benefit of all. (Civil Pr. Act, secs. 14, 17; *Hallett* v. *Hallett*, 2 Paige 19; *U. S.* v. *Parrott*, *McAllister* (*C. C.*) 271; Story Eq. Pl. sec. 72; Thomp. L. Stock. secs. 258, 259, 351, 361; *Morgan* v. *New York R. R. Co.*, 10 Paige 290; *Coleman* v. *White*, 14 Wis. 700; *Crease* v. *Babcock*, 10 Met. 525, 531, 532, 533; *Umstead* v. *Buskirk*, 17 Oh. St. 113; *Smith* v. *Huckabee*, 53 Ala. 191, 195; *Faull* v. *Alaska Co.* supra; *Patterson* v. *Lynde*, 106, U. S. 519; *Sawyer* v. *Hoge*, 17 Wall. 620; *Bush* v. *Cartwright*, 7 Or. 329; *Pollard* v. *Bailey*, 20 Wall. 520.)

III. All the stockholders should be joined as defendants in one suit, and they should be proceeded against under the statute. A call should be made for the unpaid subscription and notice given of the time, amount and place of payment. (Thomp. L. Stock. secs. 258, 259; *Smith* v. *Huckabee*, 53 Ala. 191; *Matthews* v. *Albert*, 24 Md. 532; *Erickson* v. *Nesmith*, 46 N. H. 371; *Hadley* v. *Russell*, 40 N. H. 109; *Masters* v. *Rossi L. M. Co.* 2 Sanf. Ch. 301; *Thayer* v. *Union Tool Co.* 4 Gray, 75; *Mann* v. *Pentz*, 3 N. Y. 415; *Adler* v. *Milwaukee B. Co.* 13 Wis. 57; *Coleman* v. *White*, 14 Wis. 700; *Umstead* v. *Buskirk*, 17 Oh. St. 113.)

By the Court, BELKNAP J.:

The plaintiff commenced an action by attachment against the Reno Savings Bank, a corporation existing under the laws of this state, and garnished the defendant, Crockett, upon the assumption that he was a debtor of the bank. Plaintiff recovered judgment against the bank; an execution was issued and returned *nulla bona;* and thereupon this action was instituted against the garnishee to enforce his liability. The liability is based upon the fact that Crockett was a subscriber to a portion of the capital stock of the corporation. It appeared that the subscriptions to the capital stock had not been fully paid in by the various stockholders, but that Crockett had paid all of the calls made upon him by the corporation.

The question presented, and the only one which we deem it necessary to consider, is whether Crockett's liability for his unpaid and uncalled subscription can be enforced in an action at law against him as the garnishee of the principal debtor. The general corporation law under which the Reno Savings Bank was incorporated fixes the manner in which payments may be required upon unpaid stock. It does not require that the capital of a corporation shall be fully paid in upon its organization, but provides for assessments to be made by the stockholders or trustees.

The portion of the statute bearing upon this subject is as follows :

"Sec. 10.   The stockholders of any corporation formed under this act may, in the by-laws of the company, prescribe the times, manner, and amounts in which the payment of the sum subscribed by them respectively shall be made; but in case the same shall not be so prescribed, the trustees shall have power to demand and call in from the stockholders the sums by them subscribed at such times and in such manner, payments, or installments as they may ·deem proper.   *   *   *"

In the absence of an assessment it is evident that the corporation cannot maintain an action upon an unpaid subscription, and because of this fact it necessarily follows

that plaintiff cannot maintain this action.  Garnishment is a purely statutory proceeding, aiming to invest the plaintiff with the right and power to appropriate to the satisfaction of his claim against the defendant, debts due from the garnishee to the defendant.  "It is in effect," says Drake, "a suit by the defendant in the plaintiff's name against the garnishee, without reference to the defendant's concurrence, and, indeed, in opposition to his will.  Hence, the plaintiff usually occupies, as against the garnishee, just the position of the defendant, with no more rights than the defendant had, and liable to be met with any defense which the garnishee might make against an action by the defendant." (Drake Attach. sec. 452.)

Upon corresponding facts the supreme court of Alabama denied the liability of a garnishee.  The judgment is rested upon grounds similar to those we have expressed. (*Bingham* v. *Rushing*, 5 Ala. 405.)

In *Brown* v. *Union Ins. Co.* 3 La. Ann. 177, the plaintiff having obtained judgment against the defendant corporation, sought to charge by garnishment a subscriber to a portion of its unpaid stock.  The shares were of fifty dollars each.  The garnishee had subscribed for one hundred shares.  He did not pay in full for the stock, but made only the cash payment of five dollars per share.  The opinion proceeds:  "The charter divides the subscription into two distinct portions.  The first is composed of the five dollars paid at the time of subscribing, and of twenty-five dollars more which were to be paid on each share by installments fixed by the charter, and all falling due within the year 1836.  The other portion is composed of the other twenty dollars, for the payment of which no period is fixed, the directors being authorized to call it in at such time and in such proportions as they might see fit.  The twenty-five dollars to be paid at fixed periods were due to the corporation, and formed part of the assets out of which its liabilities were to be satisfied.  To the extent of that debt, the garnishment must be sustained, unless it is barred by lapse of time, as alleged by the garnishee.  *   *   *   For the

twenty dollars remaining on each share, the company had no action against the garnishee without a formal call, made upon all the shareholders equally, and then only for the share due by him. His liability to third persons for this portion of the subscription, cannot be enforced by the process of garnishment." (pp. 182, 183.)

The case of *Faull* v. *Alaska G. & S. M. Co.*, recently decided by the circuit court of the United States for the district of Oregon (14 Fed. Rep. 657), is a case in point. That was an action at law in which the plaintiff, a judgment creditor of the corporation, sought by garnishment to be subrogated to the rights of the corporation against a subscriber to a portion of its capital stock. Upon examination it was ascertained that the garnishee was a stockholder in the corporation ; that its capital had not been fully paid in ; and that a definite sum was due from the stockholders to the corporation upon assessments regularly made. The money due from the garnishee upon the assessments was held to be an asset of the corporation that could be reached by garnishment. The court said: "There being then a fixed and definite sum due from the garnishee to the defendant at the time of the service of the execution on the latter, the same was a debt or legal asset of the defendants, liable to be levied on or attached by the plaintiff in satisfaction of his judgment against the defendant. It is a debt absolute and not contingent, as is the remaining portion of the subscription not yet called in or ordered paid. It is therefore as much a legal asset of the corporation, and as liable to be taken or attached on an execution against it, as a debt due it from the garnishee for money loaned or goods sold and delivered." (p. 661.)

Appellant principally relies for a reversal of this case upon a decision made by the district court of the United States for the Eastern district of Pennsylvania. (*In re Glen Iron Works*, 17 Fed. Rep. 324.) An earlier decision in the same case is reported in 10 Phila. 479. The proceeding was a petition of the nature of a bill in equity under the summary jurisdiction of the court of bankruptcy. (10 Phila.

491.)  The act of incorporation of the Glen Iron Works authorized the payment of subscriptions of stock in real or personal estate appropriate to the corporate business.  No power existed in the corporation to accept payment of capital otherwise than in money or money's worth, nevertheless promissory notes, called "stock notes," or "subscription notes," subject to assessment, were given by the stockholders and accepted by the corporation for the full amount of their subscriptions.  The court held that this arrangement concerning the payment of the capital, although valid as between the corporation and its stockholders, was invalid in so far as it postponed the recourse of creditors. "Every stockholder," said the court, "is, with relation to the creditors, under an obligation to pay so much of the amount represented by his share or shares of the capital as may be required for payment of the corporate debts. Where he has made no express engagement, the obligation to pay is implied.  Where an express engagement has been made upon such a condition as would impair the recourse of creditors, they may proceed as if no such conditional engagement had been made."  (p. 482.)

In this opinion the court reserved from consideration the rights of attaching creditors.  That question was determined in the second opinion.  The court there held the failure of the corporation to assess as immaterial.  And proceeding in accordance with the principles announced in its first opinion, that the charter of the corporation impliedly prohibited payment of the capital otherwise than in money or money's worth, and treating the payment of the capital by the subscription notes as simulated payments, void as against creditors, sustained attachments against stockholders who had not paid their subscriptions, although no assessment had been levied.

In *Sawyer* v. *Hoag*, 17 Wall 610, a somewhat similar plan was arranged between a corporation and subscribers to its stock to evade the payment of money for capital.  The court held that, as against creditors of the corporation, nothing short of actual payment of the capital in good faith

would be tolerated. In summarizing the decision the reporter says : "An arrangement by which the stock is nominally paid, and the money immediately taken back as a loan by the stockholder, is a device to change the debt from a stock debt to a loan, and is not a valid payment as against creditors of the corporation, though it may be good as between the company and the stockholders." And in the opinion the court characterized such an arrangement as a fraud upon creditors which should be annulled or disregarded.

There is no necessary conflict between the Pennsylvania case and the one at bar. In that case the corporation, disregarding the requirements of its charter concerning the paying in of its capital, accepted promissory notes instead of money, or property appropriate to the corporate business, at its cash valuation. Courts of equity uniformly treat unpaid subscriptions to the capital stock of a corporation as a fund for the benefit of the creditors of the corporation, and this right of the creditors was not allowed to be postponed by the plan entered into by the corporation and the subscribers to its stock; on the contrary, the court treating the arrangement as void, allowed the creditors to " proceed," to use its own language, " as if no such conditional engagement had been made."

The statute under which the Reno Savings Bank was incorporated, as we have seen by the quotation from its tenth section, authorized the corporation to prescribe the times, manner, and amounts in which payments of subscriptions to stock should be made. No assessment being unpaid at the time of the service of the writ of attachment upon Crockett, there was no indebtedness upon which the writ could operate.

The order of the district court granting a new trial is affirmed.