UNIVERSAL FIRE INS. CO. V. TABOR ET AL., GARNISHEES.

1. CORPORATIONS — BALANCE UNPAID OF STOCKHOLDER'S SUBSCRIPTION.— The unpaid balance upon a stockholder's subscription is not primarily a legal debt due the corporation, and no cause of action can be maintained therefor in its name till the statutory demand has been made and the statutory period thereafter has expired.

2. GARNISHMENT PROCEEDINGS — LIABILITY OF GARNISHEE.— In the absence of fraud between defendant and a garnishee, the latter cannot be placed, through garnishment proceedings, in a worse position than if defendant's claim were enforced by defendant himself. And, in the absence of statute, if the assessment or demand has not been previously made in accordance with law, the garnishee is not liable.

3. CREDITOR'S REMEDY AGAINST UNPAID SUBSCRIPTION. — By proper proceedings in equity, however, the unpaid balance of the stockholder's subscription may be applied to the discharge of the corporation debts.

4. EQUITY PROCEDURE STATUTORY IN THIS STATE.— In this state the rule last above mentioned is substantially prescribed by statute and the procedure in equity thus provided for is exclusive in suit by the creditor, notwithstanding the substitution of a Civil Code in place of the common-law procedure.

*Error to District Court of Arapahoe County.*

Mr. E. MILES, for plaintiff in error.

Mr. R. D. THOMPSON and Mr. L. C. ROCKWELL for defendants in error.

CHIEF JUSTICE HELM delivered the opinion of the court.

This cause was tried to the court below on an agreed statement of facts. Plaintiff in error obtained judgment by default for $500 and interest against the Tabor Fire Insurance Company, a corporation existing under the laws of Colorado. · The execution issued was returned "no property found," and the corporation having ceased to do business, the debt remains unsatisfied.

Defendants in error were subscribers to the capital stock of the Tabor Fire Insurance Company, having, however, paid but about twenty-five per cent. of the par value of the stock taken by them. The present proceeding is under the statute relating to garnishments after judgment. Defendants in error, as garnishees, answered denying liability to the defendant company. Issue being taken upon this answer, the question was tried, resulting in a judgment in favor of the garnishees. To review this judgment the present writ of error was sued out.

Several questions are presented by the assignments of error and arguments of counsel. But since a determination of one of these questions will be decisive of the present review, we deem it unnecessary to notice the others.

By statute a stockholder is not required to pay any instalment upon the unpaid balance of his subscription until "twenty days after personal demand therefor, or in cases where personal demand is not made, within thirty days after a written or printed demand has been deposited in the postoffice. * * *" Mills' Ann. Stats., sec. 480. The stockholder's unpaid balance upon his subscription is not in and of itself a legal debt due the corporation. And until

demand is made as above provided and the period mentioned has expired, no cause of action accrues in favor of the corporation and no action can be maintained in its name. Morawetz on Private Corp., secs. 143, 823. Since, in the absence of fraud between defendant and a garnishee, the latter cannot, by virtue of garnishment proceedings, be placed in a worse position than he would occupy if defendant's claim against him were enforced by defendant himself, it is held that in cases like the present, where the assessment or demand has not been made in accordance with law, the garnishee is not liable. Morawetz, sec. 143, *supra;* Waples on Attachment & Garnishment, p. 202; Drake on Attachments, sec. 458; *McElvy v. Crocker*, 18 Nev. 238; *Simpson v. Reynolds*, 71 Mo. 594.

But judgment creditors of corporations are not remediless. By proper proceedings in equity, as well before as after dissolution, in cases of insolvency or of failure or refusal to levy the requisite assessments, the unpaid balance of the stockholders' subscription may be reached and applied to the discharge of their judgments. *Lane's Appeal*, 105 Pa. St. 49; 2 Morawetz on Private Corp., § 821; *Hatch v. Adams*, 101 U. S. 205; Taylor on Private Corp., §§ 661, 703.

Counsel for appellant urges that in this state, since forms of action have been abolished, the foregoing rules and authorities are inapplicable. He contends that, however it may be under the common-law procedure, it is not now necessary here to resort to a suit in equity or to await the corporation's demand for instalments upon unpaid subscriptions, and that the proceeding by garnishment is maintainable, though but for the adoption of the Civil Code it would not be. Such a view has, we believe, been taken in one or more of the states where the reformed procedure has superseded the procedure at common law. We shall not determine whether, under like circumstances, this view would be accepted here. The action of the legislature, in our judgment, forbids the maintenance of the present pro-

ceeding.  In the chapter on corporations, already·referred to, it is provided that:

"If any corporation or its authorized agent shall do any act which shall subject it to a forfeiture of its charter or corporate powers, or shall allow any execution.or decree of any court of record for a payment of money, after demand made by the officer, to be returned 'no property found,' or to remain unsatisfied for ten days after such demand, or shall dissolve or cease doing business, leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in such suit, and each stockholder may be required to pay such debts or liabilities to the extent of the unpaid portion of his stock.  * * *"  Mills' Ann. Stats., § 497.

This section expressly recognizes and preserves in substance the equitable remedy existing, where the common-law procedure prevails, for cases wherein no proper assessment has been made in accordance with the statute.  We are of the opinion that this remedy should be given the same exclusive force as pertains to the similar suit in common-law jurisdictions which it supplanted.

Plaintiff in error should have proceeded under section 497 aforesaid instead of attempting to avail himself of the garnishment provisions.

The judgment of the court below is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT not sitting.