VALLEY BANK OF NEVADA, APPELLANT, *v.* JOYCE MARIE DOBSON AND DONALD DOBSON, RESPONDENTS.

No. 12473

June 12, 1981                           629 P.2d 229

*Beckley, Singleton, DeLanoy & Jemison,* Las Vegas, for Appellant.

*Clark and Zubel,* Las Vegas, for Respondent Joyce Marie Dobson.

*Freedman & Whelton,* Las Vegas, for Respondent Donald Dobson.

## OPINION

*Per Curiam:*

Respondent Donald Dobson is employed by Exber, Inc., dba El Cortez Hotel and Casino. Donald participates in the El Cortez Hotel and Casino Profit Sharing Retirement Plan of which appellant is the trustee. At the time pertinent to this case, Donald's portion of the profit sharing retirement plan totaled $107,000. According to the terms of the profit sharing retirement plan, Donald is not entitled to disbursement of his portion of the fund until he either retires, terminates his employment, is disabled, or dies. The profit sharing plan also contains a spendthrift clause.

Respondent Joyce Marie Dobson has accumulated judgments against Donald for alimony and child support payments totaling $17,535.98. Joyce Marie sought a writ of garnishment against Donald's portion of the profit sharing retirement plan for the judgments due her from Donald. Joyce Marie named appellant, the trustee of the pension sharing retirement plan, as

the garnishee. Appellant objected to the garnishment action by Joyce Marie. The district court, however, granted her request and ordered immediate execution upon Donald's portion of the profit sharing plan.

Appellant contends that the district court erred when it ordered execution upon Donald Dobson's portion of the retirement plan.[1] We agree.

This court has stated that garnishment invests a plaintiff-garnishor with the right to satisfy his claim against a defendant with the debts due from a third-person, the garnishee, to the defendant. As against the garnishee, plaintiff-garnishor occupies the same position as the defendant. *See* McKelvey v. Crockett, 18 Nev. 238, 2 P. 386 (1884).

In the case at bar, Donald, defendant below, does not have access to the proceeds of the retirement plan until his employment relationship with Exber, Inc., has been severed by retirement, termination, disability, or death. There are no debts due him from the garnishee at this time. Respondent Joyce Marie, plaintiff-garnishor, stands in the same position as Donald as against the garnishee, appellant Valley Bank. Since Donald does not have access to the proceeds in the hands of the trustee, it follows that Joyce Marie is likewise not entitled to them as garnishor. *See* McKelvey v. Crockett, *supra*. *See also* Fordyce v. Fordyce, 365 N.Y.S.2d 323 (Sup.Ct. 1974). *Cf.* Lerner v. Williamsburg Savings Bank, 386 N.Y.S.2d 906 (Sup.Ct. 1976) (Keogh retirement plan subject to execution by former wife who is judgment creditor when judgment debtor retained an interest in principal).

When the contingency occurs which will enable the proceeds to be disbursed to Donald, Joyce Marie may be entitled to execution upon Donald's portion of the fund. *See* NRS 31.390. We decline, however, to render a decision upon that issue at this time.

Accordingly, we reverse the order of the district court.

---

[1] It should be noted that respondent Donald Dobson has filed a brief in which he states that he agrees with the appellant's position in this appeal.