**PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**ONE 1968 CHEVROLET 2–DOOR VIN. 1123378L310864, Defendants–Appellees,**

**and Concerning Brook Woods, Intervenor–Appellee.**

No. 94CA0411.

Colorado Court of Appeals, Div. IV.

April 20, 1995.

David J. Thomas, Dist. Atty., Tom Leadabrand, Deputy Dist. Atty., Golden, for plaintiff-appellant.

Devra K. Carmichael, Michael D. Brown, Arvada, for defendant-appellee and intervenor-appellee.

Opinion by Judge NEY.

In this civil public nuisance forfeiture action, the People appeal the judgment in favor of intervenor, Brook Woods. We affirm.

Prior to December 12, 1992, the automobile which is the subject of this action was owned by John Aure and Helm Johnson. A default judgment was entered against these individuals, and they are not parties to the appeal.

On December 12, 1992, intervenor paid $500 as partial payment for the automobile, which was for sale for $1000. A bill of sale was prepared on that date.

On December 17, 1992, while driving the vehicle with the permission of intervenor, John Aure was arrested as an habitual traffic offender. When intervenor permitted Aure to drive the car, he did not know Aure was a habitual traffic offender. The vehicle was impounded upon Aure's arrest.

By January 18, 1993, prior to the institution of forfeiture proceedings, intervenor paid the $500 balance of the purchase price. On January 19, 1993, intervenor applied to transfer title of the vehicle.

On January 25, 1993, forfeiture proceedings were instituted against the vehicle as a class 1 public nuisance pursuant to § 16–13–301, et seq., C.R.S. (1986 Repl.Vol. 8A).

Only after a certificate of title had been issued to intervenor on February 1, 1993, did he discover that forfeiture proceedings had been initiated.

The trial court concluded that intervenor had an equitable interest in the vehicle based upon his payment of $500 on December 12, 1992, and that his interest became a title interest on January 19, 1993. The trial court concluded that, pursuant to § 16–13–303(5), C.R.S. (1994 Cum.Supp.), intervenor was the true owner of the vehicle and would suffer undue hardship if the vehicle were forfeited. Accordingly, the court ordered that possession of the motor vehicle be delivered to intervenor. The People appeal from this order.

The People assert that the trial court erred in finding that intervenor was the true owner of the vehicle and in awarding possession to him. We disagree.

The General Assembly has declared that forfeiture proceedings of public nuisances are remedial and equitable in nature. Section 16–13–302(1), C.R.S. (1994 Cum.Supp). The statutory definitions and procedures used relative thereto are set forth in § 16–13–301, et seq.

Section 16–13–303(5)(c), C.R.S. (1994 Cum. Supp.) provides that the court shall consider the totality of the circumstances in determining if the party contesting the forfeiture is a true owner of the property. This section also provides that a claimant need not establish all of the factors set forth in § 16–13–303(5)(b), C.R.S. (1994 Cum.Supp.) to be considered a true owner.

The trial court determined that intervenor was the true owner of the vehicle based on the down payment he made prior to Aure's arrest. Further, in its analysis of the totality

of the circumstances, the trial court considered intervenor's equitable interest, his good faith purchase for value without notice of the forfeiture, and the undue hardship placed on intervenor if the vehicle were forfeited.

Although the People argue that the evidence supports forfeiture, the trial court's findings are supported by substantial evidence and, thus, will not be overturned on appeal. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

The People further assert that the trial court erred in awarding ownership of the vehicle to intervenor because he did not have a cognizable title interest under § 42–6–108, C.R.S. (1993 Repl.Vol. 17). Again, we do not agree.

Generally, a specific statutory provision controls over a general provision. Section 2–4–205, C.R.S. (1980 Repl.Vol. 1B).

Section 42–6–108 concerns the title requirements for lawful ownership of a motor vehicle. Section 16–13–301, et seq., however, sets forth the procedures for forfeiture proceedings and the public policy governing those proceedings. We conclude that to the extent those statutes are inconsistent in the context of civil forfeiture proceedings, the specific provisions contained in the forfeiture statute prevail. Thus, the timing of the delivery of the certificate of title to intervenor is not dispositive here.

Moreover, the application of the statutory procedure to abate a class 1 public nuisance is equitable in nature, *People v. Garner,* 732 P.2d 1194 (Colo.1987), and the trial court properly determined that intervenor acquired an equitable interest in the vehicle based upon his payment of $500 on December 12, 1992.

The judgment is affirmed.

PLANK and RULAND, JJ., concur.