The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Ki Suk GRELL, Defendant–Appellant.

No. 96CA0384.

Colorado Court of Appeals,
Div. III.

Aug. 21, 1997.

Rehearing Denied Sept. 25, 1997.

Certiorari Denied Jan. 26, 1998.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Robert M. Russell, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Dixon and Snow, P.C., Rod W. Snow, Steven Janiszewski, Denver, for Defendant–Appellant.

Opinion by Judge HUME.

In this civil forfeiture action, under the Abatement of Public Nuisance Act, § 16–13–301, et seq., C.R.S. (1986 Repl.Vol. 8A) (Act), defendant, Ki Suk Grell, appeals the judgment of the trial court dismissing her as a party to the suit for lack of standing. We affirm.

A health club at which defendant was employed was investigated as a cover for a prostitution business. After the business was closed by the sheriff's office, the People filed a forfeiture action against the contents of the building, naming several individuals, including defendant, as parties to the action. The other defendants defaulted before a final judgment was entered.

Defendant moved to dismiss the forfeiture proceeding, asserting that because the prosecution had failed to file its notice of forfeiture within the time provided by § 16–13–307(3.5), C.R.S. (1996 Cum.Supp.), the trial court lacked subject matter jurisdiction to hear the case. The prosecution moved to dismiss defendant as a party to the action for lack of standing as required by § 16–13–303(5), C.R.S. (1996 Cum.Supp.). The trial court decided that it would defer determination of defendant's motion to dismiss until it determined whether defendant had standing to participate in the proceedings. Following a hearing on this issue, the trial court, while acknowledging defendant's averments as to the court's jurisdiction, determined that she lacked standing to contest the forfeiture and dismissed her as a party to the case.

## I.

Defendant contends that the trial court committed reversible error in determining that she lacked standing before considering her motion for dismissal. We disagree.

Subject matter jurisdiction concerns a court's authority to deal with a case in which it renders judgment. This authority to hear a case must be invoked in order for the court to enter a valid judgment. *People in Interest of Clinton,* 762 P.2d 1381 (Colo. 1988). Although forfeiture statutes are to be strictly construed, courts must give a consistent and sensible effect to all parts of a statute. *People v. One 1988 Mazda 323,* 857 P.2d 569 (Colo.App.1993). Therefore, we look to the language of the statute to determine the requirements for invoking the jurisdiction of the trial court. *See People in Interest of Clinton, supra.*

According to § 16–13–302, C.R.S. (1996 Cum.Supp.), proceedings under the Act are to be considered remedial and equitable in nature in order to "restrain, prevent, abate, and perpetually enjoin any such public nuisance."

Because the purpose of pleading is to secure the just, speedy, and inexpensive determination of an action, the rules of civil procedure should be interpreted and applied to promote these principles, and courts should reject the approach that pleading is "a game of skill in which one misstep by counsel may be decisive to the outcome." *Moore v. Grossman*, 824 P.2d 7, 9 (Colo.App.1991).

Pursuant to § 16–13–307(5), C.R.S. (1986 Repl.Vol. 8A), an action under the Act "shall be commenced by the filing of a complaint, which shall be verified or supported by affidavit." Hence, a forfeiture action is commenced and the jurisdiction of the trial court is invoked by the filing in district court of a complaint that is verified or supported by affidavit. *See also* § 16–13–307(1), C.R.S. (1986 Repl.Vol. 8A).

We conclude that the 60–day time for filing a complaint under § 16–13–307(3.5) and the exceptions contained therein are procedural requirements. We further conclude that failure to file a complaint within the 60–day period provided in § 16–13–307(3.5) is not a jurisdictional defect that would divest a trial court of subject matter jurisdiction, but a procedural defect that subjects the complaint to dismissal at the discretion of the trial court.

Once properly invoked, a court's jurisdiction is not divested by a party's failure to comply with a statutory requirement. *People in Interest of Clinton, supra.*

Although the trial court could have determined that the prosecution's failure to comply with the statute would have justified the dismissal of the complaint, it did not commit reversible error in first determining defendant's standing before considering the procedural issue of statutory compliance. We perceive no abuse of the court's discretion in so doing.

## II.

We also affirm the trial court's determination that defendant lacked standing to contest the forfeiture action.

The critical inquiry concerning standing is whether a party has asserted such a personal stake in the outcome of the controversy as to warrant the invocation of the court's jurisdiction and to justify its exercise of authority. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Friends of Chamber Music v. City & County of Denver*, 696 P.2d 309 (Colo.1985).

The resolution of a question of standing involves two considerations: whether the party has alleged an actual injury as a result of the challenged action; and whether the injury is to a legally protected interest as contemplated by statutory or constitutional provisions. *See In re Custody of C.C.R.S.*, 892 P.2d 246 (Colo.1995)(statutory requirement for standing is a threshold matter); *Board of County Commissioners v. Bowen/Edwards Associates, Inc.*, 830 P.2d 1045 (Colo.1992)(party seeking injunctive relief or declaratory judgment must satisfy threshold requirement of standing); *People v. Merrill*, 816 P.2d 958 (Colo.App.1991)(person desiring to contest forfeiture under § 16–13–505(2)(d)(IV), C.R.S. (1996 Cum.Supp.) must present a verified statement that such person is true owner of property).

A court must determine whether the particular constitutional or statutory provision underlying the claim creates a legal right or interest in the party alleging the abridgment of such right or interest by the challenged governmental action. *State Board for Community Colleges & Occupational Education v. Olson*, 687 P.2d 429 (Colo.1984).

Under § 16–13–303(5)(a), C.R.S. (1966 Cum.Supp.), any person contesting an action for forfeiture must establish his or her standing as a true owner of the property subject to forfeiture. A trial court is to consider the totality of the circumstances in determining whether the person asserting the contest is a true owner. Section 16–13–303(5)(c), C.R.S. (1996 Cum.Supp.); *People v. One 1968 Chevrolet 2–Door*, 895 P.2d 1177 (Colo.App.1995).

Here, although defendant testified that she had purchased the business and its property, she was unable to present any documentation or other evidence in support of her claim. Conversely, the lessor's building operations manager who dealt with the lessees in connection with the health club premises testified that all his dealings were with persons he knew to be the owners of the business and that defendant was not one of them. Also, an investigator in the case stated that the documentation collected in the seizure and forfeiture proceedings named persons other than defendant as the owners of the seized property.

The trial court found, on substantial supporting evidence, that defendant had not met her burden of demonstrating true ownership of the seized property and, therefore, had no standing under § 16–13–303(5)(a) to contest the forfeiture. Based on that finding, the trial court properly dismissed defendant as a party to this action for lack of standing. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

The judgment of dismissal is affirmed.

NEY and CASEBOLT, JJ., concur.