John HOYMAN, and John Hoyman, P.C., Plaintiffs–Appellees,

v.

Kristi J. COFFIN, and Kristi J. Coffin, P.C., Defendants–Appellants.

No. 97CA0559.

Colorado Court of Appeals, Division II.

June 11, 1998.

Rehearing Denied Aug. 20, 1998.

Certiorari Denied May 10, 1999.

Baker & Hostetler, LLP, Phillip S. Lorenzo, Rebecca C. Lovell, Mary P. Birk, Denver, Colorado, for Plaintiffs–Appellees

Kristi J. Coffin, P.C., Kristi J. Coffin, Greeley, Colorado, for Defendants–Appellants

Opinion by Judge NEY.

In this garnishment proceeding, Kristi J. Coffin (debtor) and Kristi J. Coffin, P.C. (Corporation), appeal the judgment entered in the amount of $24,916.65, plus interest, in favor of plaintiffs, John Hoyman and John Hoyman, P.C., and also awarding plaintiffs their attorney fees and costs. Defendants assert that the trial court erred because it lacked jurisdiction to hear plaintiffs' traverse,

garnished 100 percent of debtor's earnings after the garnishment period had expired, improperly pierced the corporate veil to enter judgment against the Corporation, failed to reduce the total judgment against debtor by the amount awarded in the traverse, and improperly awarded attorney fees and costs. We affirm.

Debtor was employed as an attorney for plaintiffs from 1993 to 1994, when she established the Corporation. Plaintiffs subsequently brought an action against debtor and, in April 1996, received a judgment against her in the amount of $153,929.03, for conversion and money had and received. All but $34,494.70 of the judgment had been satisfied prior to the garnishment.

In June 1996, plaintiffs served a writ of continuing garnishment on the Corporation to collect on the outstanding balance of the judgment from debtor's wages between June 27, 1996, and September 25, 1996.

On August 6, 1996, the Corporation answered the writ, stating that it owed debtor no wages for the garnishment period. Unaware that an answer had been filed, plaintiffs filed a motion for default judgment against the Corporation. After discovering that the Corporation had timely filed an answer, plaintiffs traversed on August 27, 1996, one day out of time. A traverse hearing began on September 26, 1996, and was continued until October 31, 1996.

On September 26, 1996, debtor testified that she had not received, nor was owed, any wages from the Corporation since prior to the garnishment period and did not know when she would next be paid.

At the continuation of the hearing on October 31, 1996, it was revealed that on the morning of the hearing on September 26, 1996, the day after the writ of continuing garnishment had expired, debtor was paid $22,000 by the Corporation. Later that day, after the hearing, debtor received an additional $2,916.65 from the Corporation.

The trial court found that the funds paid to debtor on September 26 were owed as wages to the debtor during the time of the garnishment. The trial court also found that the Corporation had colluded with its employee,

the debtor, and had been deceitful in its handling of its accounts during the garnishment period in an ongoing effort to hinder collection of the judgment, and had thereby attempted to defraud the judgment creditor.

Based on the findings made at the October 31 hearing, the trial court entered judgment awarding plaintiffs the amount of money withdrawn from the Corporation on the day of the hearing, $24,916.65, plus eight percent interest; $581.37 for fees received by debtor during the garnishment period; $4,122.50 for attorney fees; and $658.61 for costs. The court ordered debtor to pay into the registry of the court any future fees of a nature similar to those garnished.

## I.

Debtor and the Corporation assert that the trial court erred in holding the traverse hearing because plaintiffs had failed to file their traverse within the time permitted, and therefore, the trial court did not have jurisdiction to conduct the hearing. We disagree.

Subject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment. It may be raised at any time during an action, including appeal. Once properly invoked, a court's jurisdiction is not divested by a party's failure to comply with a statutory requirement. *People v. Grell*, 950 P.2d 660 (Colo.App.1997).

The twenty-day time for filing a traverse after the filing of the answer under C.R.C.P. 103 §8(a) is akin to a statutorily-created procedural requirement. The failure to file within the allotted period is not a jurisdictional defect that would divest the trial court of subject matter jurisdiction, but a procedural defect that subjects the traverse to dismissal at the discretion of the trial court. *People v. Grell, supra.*

As a general rule, non-jurisdictional issues not raised in the trial court are deemed waived and will not be considered on appeal. *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508 (Colo.1986). Hence, because defendants here did not raise the issue of timeliness of the traverse before

the trial court, and the issue is not jurisdictional, we will not address the issue for the first time on appeal.

## II.

Debtor and the Corporation argue that the trial court erred in garnishing 100 percent of debtor's earnings after the expiration of the garnishment period during which no wages were earned. We disagree.

As a way to preserve a judgment debtor's means of support, §13–54–104(2)(a)(I), C.R.S.1997, of the continuing wage garnishment statute permits only a twenty-five percent maximum garnishment of an employee's disposable earnings.

The purposes of garnishment are to reach assets of the judgment debtor in the hands of third parties, to determine ownership of that property, and to provide for its equitable distribution. A creditor may garnish property that is either admitted by a garnishee to belong to the judgment debtor, or that is determined by the court to belong to him or her. *Rocky Mountain Ass'n of Credit Management v. Hessler Manufacturing Co.*, 37 Colo.App. 551, 553 P.2d 840 (1976).

Here, although the garnishee Corporation, in its answer to the garnishment and testimony at the traverse hearing, denied that any wages were owed or payable to debtor during the garnishment period and denied that any property of the garnishee belonged to the debtor, the trial court found otherwise.

Indeed, the trial court found, with evidentiary support, that the money paid by the Corporation to the debtor the day after the expiration of the garnishment, was owed to debtor as wages during the garnishment period. The trial court also found, with evidentiary support, that the Corporation and debtor had manipulated the Corporation's operating accounts, either by holding money available for wages in a trust account or converting it into cashier's checks, to substantiate the Corporation's false answer to the garnishment.

A garnishee is liable to a judgment creditor on a writ of garnishment for failing to withhold funds of the debtor. *In Re Marriage of Flohr*, 672 P.2d 1024 (Colo.App. 1983).

Here, the court found that the Corporation owed money to debtor but failed to acknowledge this duty and paid this money to debtor the day after the garnishment expired.

In the absence of fraud, a garnishee cannot be placed, through garnishment proceedings, in a worse position than it would have occupied had the claim been against the garnishee itself. *Universal Fire Insurance v. Tabor*, 16 Colo. 531, 27 P. 890 (1891). However, here, unique circumstances exist which dictate that we uphold the trial court's award.

The evidence supported findings that the garnishee employer Corporation and the employee debtor, who solely controlled the Corporation, colluded to answer fraudulently the garnishment and perpetuated that fraud in the hearing on the traverse. Further, the entire amount of debtor's outstanding wages were paid by the Corporation to debtor in an effort to defraud the creditor. Therefore, the Corporation cannot now assert the seventy-five percent exemption for wage garnishment of employee judgment debtors because that limitation is designed to protect the employee judgment debtor, who here colluded with the Corporation to perpetrate fraud.

Hence, we affirm the trial court's holding that the Corporation is fully liable for all money owed and fraudulently paid to debtor.

## III.

Defendants also argue that the trial court improperly pierced the corporate veil to enter judgment against the Corporation. However, the record leads us to conclude that piercing the corporate veil was not a basis for the court's judgment, and thus, this contention is without merit.

## IV.

Defendants argue that the trial court failed to reduce the total judgment against debtor by the amount awarded in the traverse hearing. However, garnishee has not yet paid plaintiffs the amount of the judgment, so

there is no reason to reduce the underlying judgment.

## V.

 Defendants lastly argue that the trial court improperly awarded attorney fees and costs to plaintiffs because the affidavit of fees and costs did not meet the requirements of C.R.C.P. 121 §1–22. Although defendants challenged the reasonableness of the award of fees at the trial court, they did not contend that the fees were improper under C.R.C.P. 121 §1–22, and therefore, the issue has not been preserved for us to consider on appeal.

Judgment affirmed.

CRISWELL and BRIGGS, JJ., concur.