PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

James M. ALBAUGH, Defendant–
Appellee.

No. 96CA1128.

Colorado Court of Appeals,
Div. V.

July 10, 1997.

Rehearing Denied Aug. 14, 1997.

Certiorari Denied Jan. 12, 1998.

John W. Suthers, District Attorney, Rob-
ert B. Harward, Deputy District Attorney,
Colorado Springs, for Plaintiff–Appellant.

David F. Vela, Colorado State Public De-
fender, Joan E. Mounteer, Deputy State
Public Defender, Denver, for Defendant–Ap-
pellee.

Opinion by Judge METZGER.

The People appeal the trial court order
determining that it did not have jurisdiction
to reconsider its prior order which dismissed
all charges against defendant, James M. Al-

baugh. We vacate the order and remand with directions.

While defendant was on intensive supervision parole through the Department of Corrections, he was charged with escape, by direct information filed in the district court.

The information alleged that defendant had violated both § 18–8–208, C.R.S. (1986 Repl.Vol. 8B), proscribing escape from custody, and § 17–27.5–104, C.R.S. (1996 Cum. Supp.), which provides that an inmate who has been granted intensive supervision probation/parole may be found guilty of escape if he or she fails to remain within the extended limits of confinement.

A preliminary hearing was scheduled, but before the hearing date, the prosecution filed a statement of "Stipulated Facts and Evidence" for use "in lieu of a hearing" and requested that the trial court rule, as a matter of law, whether there was probable cause to support the allegation that defendant had escaped from custody. In response to the prosecution's "stipulation," defendant moved to dismiss the information, arguing that intensive supervision does not constitute custody for purposes of § 18–8–208. Therefore, he asserted, he could not have committed an escape.

On the day the preliminary hearing was scheduled to occur, the trial court heard argument on defendant's motion to dismiss. The prosecutor did not discuss § 17–27.5–104, which clearly established that an escape could occur in the context of intensive supervision probation/parole. The trial court, also apparently unaware of the requirements of § 17–27.5–104, dismissed the escape charge based on its belief that intensive supervision probation/parole did not constitute custody.

Thirty-two days later, the prosecution field a "Motion to Reconsider Dismissal and to Reinstate Charges" in the trial court, arguing that the dismissal constituted error in light of the requirements of § 17–27.5–104.

At a hearing on this motion, the trial court acknowledged that, based on § 17–27.5–104, dismissal of the escape charge had been erroneous. However, it also concluded that, because the prosecution's motion was filed untimely, it was without jurisdiction to correct its error. The notice of appeal was filed within 45 days of entry of the order of dismissal.

I.

■ The prosecution contends that the trial court erred in determining that it lacked jurisdiction to reconsider the order dismissing the escape charge. We agree.

■ An order dismissing an information is a final judgment and, therefore, is appealable. *See People v. Cochran,* 176 Colo. 364, 490 P.2d 684 (1971). Because the ruling at issue here concerned a question of law—i.e., whether a person who exceeds the boundaries imposed through intensive supervision probation/parole commits an escape—it is subject to appeal by the prosecution. *See* § 16–12–102(*l*), C.R.S. (1996 Cum.Supp.).

■ Under C.A.R. 4(b)(2), appeals by the People must be filed within 45 days after the entry of an appealable trial court judgment or order. The prosecution must appeal such a judgment within the period for which appeals are permitted or it will be deemed to have waived the right to contest the judgment. *See Cavanaugh v. State,* 644 P.2d 1 (Colo.1982) (judgment becomes final after period in which to perfect an appeal expires); *People v. Janke,* 852 P.2d 1271 (Colo.App. 1992) (trial court order regarding Crim. P. 35(c) motion is final after period for appeal expires).

Here, the prosecution filed the motion for reconsideration within 45 days after entry of the judgment of dismissal. Thus, at the time the motion was filed, the trial court retained jurisdiction over the case.

Contrary to defendant's argument, the record shows that the trial court granted defendant's motion to dismiss without conducting a preliminary hearing. Therefore, Crim. P. 7(h)(4); *Abbott v. County Court,* 886 P.2d 730 (Colo.1994); *People ex rel. Russel v. District Court,* 186 Colo. 136, 526 P.2d 289 (1974); and other authorities governing appeals and motions following preliminary hearings are inapposite.

## II.

■ The prosecution also contends the trial court erred in concluding that it was unable to address the prosecution's motion because it had not been filed timely. Further proceedings are necessary to resolve this question.

At the hearing on the prosecution's motion for reconsideration, the trial court and defense counsel discussed a rule that they seemed to believe provided the relief the prosecution was seeking. However, according to the record, both the court and defense counsel assumed that a motion filed pursuant to that unspecified rule had to have been filed within 15 days after the entry of judgment in order for the court to have jurisdiction to consider the motion. But, the record fails to show precisely which rule the court and counsel were relying on in their discussion. And, while the record does show that the prosecutor was present during the proceedings, he seemed to be unaware of which rule was being discussed and did not participate in any meaningful way. The trial court denied the prosecution's motion, finding that it had been filed outside the 15–day period required under the unspecified rule.

No statute or rule of criminal procedure specifically provides for reconsideration of a ruling or order such as the order at issue here. *See Stone v. People,* 895 P.2d 1154 (Colo.App.1995); *People v. Janke, supra.* See also *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964) (permitting the prosecution in a federal criminal case to file motions for reconsideration in the trial court even though no federal criminal or civil rule expressly permits such motion for reconsideration); *cf. United States v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976).

■ C.R.C.P. 59(a) requires that motions for the amendment of findings and judgments must be made within 15 days after entry of judgment. Such relief is available to correct legal errors made during the proceedings. C.R.C.P. 59(d)(6); *see also Stone v. People, supra* (acknowledging use of C.R.C.P. 59 as a means for obtaining post-judgment reconsideration); *cf. Peoples Natural Gas Division v. Public Utilities Commis-*

*sion,* 626 P.2d 159 (Colo.1981) (motion for new trial under C.R.C.P 59 analogous to motion for reconsideration under public utility commission rules).

While this rule is generally applicable in civil proceedings, it may be used in criminal proceedings as well. *See* Crim. P. 57(b) (trial court in a criminal case may "look to the Rules of Civil Procedure and to the applicable law if no Rule of Criminal Procedure exists"); *see also People v. Janke, supra.*

As defendant correctly notes, failure to file a motion within the time prescribed by C.R.C.P 59(a), or as extended by any orders of the trial court pursuant to motions timely filed, deprives the trial court of jurisdiction to take action under C.R.C.P. 59. *See Stone v. People, supra.*

Nevertheless, even after the time to file a C.R.C.P. 59 motion has expired, the trial court retains jurisdiction over the case. For example, a trial court may provide relief from a judgment under C.R.C.P. 60(b) under certain circumstances, even after it has lost jurisdiction under C.R.C.P. 59. *See Canton Oil Corp. v. District Court,* 731 P.2d 687 (Colo.1987).

■ C.R.C.P. 60(b) permits a trial court to reconsider and, if necessary, to change a prior ruling when a significant new matter of fact or law arises that is extrinsic to it because it was not previously presented to the court. *See State Farm Mutual Automobile Insurance Co. v. McMillan,* 925 P.2d 785 (Colo.1996).

■ Under C.R.C.P. 60(b)(5), a trial court may set aside a judgment for "any other reason justifying relief from the operation of the judgment." Trial courts have discretion in determining whether to grant a C.R.C.P. 60(b) motion. *E.B. Jones Construction Co. v. Denver,* 717 P.2d 1009 (Colo.App.1986).

One approach to the disposition of a prosecution's motion for reconsideration is illustrated in *United States v. Emmons,* 107 F.3d 762, 764 (10th Cir.1997):

The Federal Rules of Civil Procedure recognize no 'motion for reconsideration.' Instead, this court construes such a filing in one of two ways. If the motion is filed

within ten days [the period required under Fed.R.Civ.P. 59] of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). Alternatively, if the motion to file is more than ten days after the entry of judgment, it is considered a motion seeking relief from judgment under Fed.R.Civ.P. 60(b)....

*See also United States v. Duke,* 50 F.3d 571 (8th Cir.1995); *cf. United States v. Brewer,* 60 F.3d 1142 (Sth Cir.1995) (motion for reconsideration in criminal case is permissible even though it is a judicial creation and is not derived from any statute or court rule). We are persuaded by this analysis.

Permitting a trial court to reconsider an erroneous ruling is supported by principles of judicial economy and fairness. As the United States Supreme Court has noted:

> Of course speedy disposition of criminal cases is desirable, but to deprive the Government of the opportunity to petition a lower court for the correction of errors might, in some circumstances, actually prolong the process of litigation—since plenary consideration of a question of law [at the appellate level] ordinarily consumes more time than disposition of a petition for rehearing—and could, in some cases, impose an added and unnecessary burden of adjudication upon this Court....

*United State v. Healy, supra,* 376 U.S. at 80, 84 S.Ct. at 556, 11 L.Ed.2d at 532. *See also United States v. Ibarra,* 502 U.S. 1, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991).

Here, the prosecution did not file its motion for reconsideration within 15 days after entry of the judgment of dismissal. Nor did it, within the 15–day period, move for an extension of time to file its motion for reconsideration out of time. Thus, the trial court did not have jurisdiction to rule on the prosecution's motion pursuant to C.R.C.P. 59. *See Stone v. People, supra.* However, the trial court retained jurisdiction over the case, and therefore, it had discretion to consider the motion for reconsideration pursuant to C.R.C.P. 60(b). *See United States v. Emmons, supra.*

Because the trial court erroneously concluded that it lacked jurisdiction to rule on the prosecution's motion, it did not exercise its discretion. Hence, the matter must be remanded for the trial court to consider whether the relief sought by the prosecution was available under C.R.C.P. 60(b).

The order denying reconsideration is vacated and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

RULAND and TAUBMAN, JJ., concur.