The PEOPLE of the State
of Colorado, Plaintiff,

v.

Corey Joseph MILLER, Defendant.

No. 00SA389.

Supreme Court of Colorado.

June 25, 2001.

David J. Thomas, District Attorney First Judicial District, Donna Skinner Reed, Chief Appellate Deputy, Golden, CO, Attorneys for Plaintiff.

Patrick J. Mulligan, Denver, CO, Attorney for Defendant.

Justice RICE delivered the Opinion of the Court.

The prosecution in this case initiated this original proceeding pursuant to C.A.R. 21, seeking relief from a trial court order granting Defendant's motion for reconsideration of the trial court's ruling revoking Defendant's Youthful Offender System ("YOS") sentence that had been imposed after suspending a fifteen-year sentence in the Department of Corrections ("DOC"). The trial court determined that because the DOC had unconditionally discharged Defendant prior to its ruling, it lacked jurisdiction to revoke the YOS sentence. Thus, the trial court withdrew its mittimus issued pursuant to its revocation of the YOS sentence, which remanded Defendant to the DOC to serve the remainder of his fifteen-year DOC sentence. It then ordered that Defendant be released. We issued a rule to show cause why the trial court's order should not be vacated, and the defendant responded.

We now hold that the DOC erred in issuing an unconditional discharge because Defendant had failed to successfully complete the YOS sentence as required by the YOS statute. Accordingly, we make our rule absolute and direct the trial court to vacate its order withdrawing its July 26, 2000 mittimus remanding Defendant to the DOC to serve the remainder of his fifteen-year sentence.

## FACTS AND PROCEDURAL HISTORY

In September 1996, after pleading guilty to aggravated robbery and a count of violent crime, Defendant was sentenced to fifteen years in the DOC. The sentence was suspended pursuant to section 16–11–311, 6 C.R.S. (2000), on the condition that Defendant successfully complete a five-year YOS sentence.[1]

On May 3, 2000, the prosecution moved to revoke Defendant's YOS sentence on the basis that Defendant had violated various terms and conditions of the YOS program and had

---

1. The YOS sentence was later reduced to four years.

thus failed to successfully complete his YOS sentence. On the same day, the prosecution filed a motion for a detainer seeking to prevent the release of Defendant from the YOS facility pending the court's decision as to whether to revoke Defendant's YOS sentence and remand Defendant to the DOC on his fifteen-year DOC sentence. The trial court granted the prosecution's motion and issued a detainer.

On July 7, 2000, the DOC's time/release section issued an unconditional statutory discharge that became effective on July 23, 2000. A hearing was held on July 26, 2000 on the prosecution's revocation motion. At the close of the hearing, the trial court, unaware of the discharge, revoked Defendant's YOS sentence and imposed the fifteen-year DOC sentence.

On December 13, 2000, Defendant moved for reconsideration of the trial court's revocation of his YOS sentence. The trial court granted the motion because it determined that it had no jurisdiction to revoke Defendant's YOS sentence because the unconditional discharge was in effect at the time of its order. Accordingly, the trial court withdrew the mittimus it had issued effective July 26, 2000, and ordered Defendant to be released.

The prosecution petitioned for a writ in the nature of prohibition pursuant to C.A.R. 21. We issued a rule to show cause why the trial court's order should not be vacated, and Defendant responded.

## ANALYSIS

### A. Standard of Review

Under C.A.R. 21, we may, in our discretion, grant relief only when (1) the trial court is proceeding without or in excess of its jurisdiction, or (2) it has abused its discretion, and (3) when no other adequate remedy exists. C.A.R. 21; *People v. Shreck,* 22 P.3d 68, 73 (Colo.2001); *People v. District Court,* 898 P.2d 1058, 1060 (Colo.1995). In this case, we determine below that the trial court abused its discretion by releasing Defendant. Furthermore, although the prosecution has a right to appeal, such an action would be inadequate to remedy Defendant's immediate release from the DOC. Thus, relief under C.A.R. 21 is appropriate here.

### B. Revocation of Defendant's YOS Sentence

The YOS provides, as a sentencing option to youthful offenders convicted of felonies as adults, a "controlled and regimented environment that affirms dignity of self and others, promotes the value of work and self-discipline, and develops useful skills and abilities through enriched programming." § 16–11–311(1)(a). Thus, youthful offenders sentenced under the YOS serve their sentences in a facility specifically designed to be separate from inmates sentenced to the DOC. § 16–11–311(1)(c). Furthermore, youthful offenders sentenced under the YOS are subject to community supervision consisting of highly structured surveillance and monitoring, as well as educational and treatment programs. § 16–11–311(4).

Under the YOS, a trial court must first impose a sentence to the DOC, and then suspend the sentence on condition of successful completion of a YOS sentence. § 16–11–311(2)(a)(I). Thus, if the youthful offender successfully completes the YOS program, the DOC sentence is deemed to have been completed. § 16–11–311(2)(a)(II). However, an offender who cannot successfully complete his YOS sentence must be returned to the district court. § 16–11–311(5)(c). The YOS statute further provides, "[w]henever a person is returned to the district court for revocation ... the court shall impose the original sentence following the revocation of the sentence to the youthful offender system." *Id.* The specific procedures for revocation are described in section 16–11–311(5)(c), which reads:

Any offender returned to the district court ... because he or she cannot successfully complete the sentence to the youthful offender system ... shall receive imposition of the original sentence to the department of corrections.... The [DOC] shall notify the district attorney of record, and the district attorney of record shall be responsible for seeking the revocation or review of the youthful offender's sentence and the imposition of the original sentence....

The district court shall review the offender's sentence within one hundred twenty days after notification to the district attorney of record by the department of corrections that the offender is not able to complete the sentence to the youthful offender system.

■ In the present case, Defendant's fifteen-year DOC sentence had been suspended on the condition that he successfully complete his YOS sentence. Indeed, the trial court determined that Defendant did not successfully complete his YOS sentence, but instead had violated the terms and conditions of the YOS program five times during his YOS sentence. Thus, under the YOS statute, the trial court properly revoked the YOS sentence and imposed the fifteen-year DOC sentence.

The DOC's issuance of an unconditional discharge therefore represents a clerical error from which Defendant should not be permitted to benefit. The YOS statute makes clear that only if the youthful offender *successfully* completes the YOS program will the DOC sentence be deemed to have been completed. § 16–11–311(2)(a)(II). The record demonstrates that Defendant in this case failed to meet this condition under the YOS statute. Thus, the DOC erroneously issued the unconditional discharge pending the trial court's determination of revocation. *See Bullard v. Dep't. of Corr.*, 949 P.2d 999, 1001 (Colo.1997) (holding that the DOC must follow judicial orders for discharge); *State v. Pena*, 911 P.2d 48, 55 (Colo.1996) (holding that the DOC, as an agency of the executive branch, is subject to the judicial branch's authority to assure that the DOC performs its statutorily mandated duties).

Defendant's argument that the DOC's discharge was proper because the DOC did not have notice of the pending revocation proceedings lacks merit. Under the YOS statute, revocation proceedings begin with the requirement that the DOC notify the district attorney of record, who then becomes responsible for seeking the revocation or review of the YOS sentence and the imposition of the original sentence. § 16–11–311(5)(c). Indeed, in this case, the record demonstrates that a DOC employee with supervisory responsibilities over Defendant had notified the prosecution that revocation of Defendant's YOS sentence should be sought because of Defendant's violations of the terms and conditions of the YOS program.[2] Therefore, the DOC had notice of the revocation proceedings and erred in releasing Defendant pending the conclusion of those proceedings.

## C. Jurisdictional Issue

■ We hold that the trial court erred in concluding that because its order was issued three days after the DOC's unconditional discharge, it lacked jurisdiction to revoke Defendant's YOS sentence. As discussed above, the DOC's unconditional discharge constituted a clerical error because under the YOS statute, Defendant was not entitled to a discharge from his DOC sentence due to his failure to successfully complete the YOS program. The YOS statute clearly provides that an offender who cannot successfully complete his YOS sentence must be returned to the district court. § 16–11–311(5)(c). Thus, the DOC's discharge was void and could not vitiate the trial court's jurisdiction.

Defendant argues that at the time of the trial court's revocation of Defendant's YOS sentence, no sentence was in existence and therefore the trial court lacked jurisdiction to revoke it. This argument lacks merit. The YOS statute clearly provides that a YOS sentence is only available to a defendant after a trial court first imposes a sentence to the DOC and then suspends that sentence on condition of successful completion of the YOS program. § 16–11–311(2)(a)(I). Thus, under the YOS statute, a defendant's YOS sentence does not replace an original DOC sentence. Rather, the DOC sentence is merely suspended.

---

**2.** John Coffey, a DOC employee with supervisory responsibilities over Defendant during his YOS sentence testified during the revocation hearing that:

> Yes documents were prepared, they went to my supervisor to the director, to the deputy director, to the executive director of the department of corrections. All need to approve that. They are requesting revocation and at that point the document comes back to me. I then notify the district attorney's office that we're seeking revocation and then we meet like we're here today.

(R., tr. July 26, 2000, p. 25.)

Therefore, in this case, Defendant's original DOC sentence was in place, though suspended, and thus the trial court retained jurisdiction to issue its order revoking the YOS sentence. *Cf. People v. Gore,* 774 P.2d 877, 881–82 (Colo.1989) (endorsing view of majority of other states in context of probation that a trial court has jurisdiction over a probationer if revocation proceedings have been initiated in some way before the probation term expires). Accordingly, we hold that the trial court abused its discretion in holding that it lacked jurisdiction to revoke Defendant's YOS sentence.

### CONCLUSION

In summary, we hold that the DOC issued its unconditional discharge in error because Defendant had not successfully completed his YOS sentence as required under the YOS statute. We also hold that the trial court abused its discretion in determining that it lacked jurisdiction to revoke Defendant's YOS sentence because the DOC had released Defendant three days earlier. Accordingly, we make our rule absolute and order the trial court to vacate its order withdrawing its mittimus remanding Defendant to the DOC to serve the remainder of his fifteen-year sentence.