The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Heath VALDEZ, Defendant–Appellant.

No. 01CA0324.

Colorado Court of Appeals,
Div. III.

Aug. 1, 2002.

Certiorari Denied May 12, 2003.

Ken Salazar, Attorney General, Michelle L. Prince, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, Heath Valdez, appeals from the trial court's order revoking his Youthful Offender System (YOS) sentence and imposing a six-year term with the Department of Corrections (DOC). We affirm.

In July 1997, defendant pled guilty to attempted first degree assault and was sentenced to six years in the DOC. The sentence was suspended on the condition that he suc-

cessfully complete a three-year sentence in the YOS.

At an administrative hearing held April 13, 2000, defendant pled guilty to repeatedly violating the conditions of his YOS sentence. He was penalized with a ninety-day loss of privileges and seventy-five days of confinement.

On April 25, 2000, the DOC issued an unconditional statutory discharge to defendant, which was to take effect on May 6, 2000. On May 5, 2000, the prosecution moved to revoke defendant's YOS sentence on the ground that he had failed to complete the YOS program successfully.

At a hearing on the revocation motion, defendant argued that the trial court lost jurisdiction to revoke his sentence after the DOC issued the April 25 discharge order. He also argued that revocation would violate his right to be free from double jeopardy because the YOS had already penalized him for his misconduct.

The trial court rejected defendant's arguments, revoked his YOS sentence, and imposed the six-year DOC sentence.

## I.

Defendant contends that principles of double jeopardy bar the imposition of the suspended DOC sentence because he suffered administrative sanctions for the same conduct. We disagree.

Here, the facts are undisputed, and the issue before us is solely a question of law subject to de novo review. *See People v. Winpigler*, 8 P.3d 439 (Colo.1999).

■ The double jeopardy clauses of the Fifth Amendment and Colo. Const. art. II, § 18, prohibit the state from imposing multiple punishments for the same crime. To show that the state has imposed multiple punishments, an individual must demonstrate that: (1) the state has subjected the individual to separate proceedings; (2) the conduct precipitating the separate proceedings was a single offense; and (3) the penalties in each of the proceedings may be considered "punishment" for double jeopardy purposes. *People v. Ferrel*, 929 P.2d 65 (Colo.App.1996).

■ We conclude there was no double jeopardy violation. It is the General Assembly's expressed intent that youthful offenders sentenced to the YOS be subject to all DOC regulations. Section 16–11–311(1)(d), C.R.S. 2001. Restraints directed toward the enforcement of prison regulations are essential to promote rehabilitation and order and are not considered punishment for double jeopardy purposes. *People v. Watson*, 892 P.2d 388 (Colo.App.1994). Therefore, the administrative proceeding that resulted in defendant's confinement and loss of privileges did not preclude imposition of the suspended sentence on double jeopardy grounds.

## II.

Defendant next contends that the trial court had no jurisdiction to revoke his YOS sentence and sentence him to DOC custody. Again, we disagree.

■ The issue of the trial court's jurisdiction raises a question of law. *See People in Interest of Bailey*, 745 P.2d 280 (Colo.App. 1987). Our review is de novo. *See People v. Melillo*, 25 P.3d 769 (Colo.2001).

The issue raised here was resolved in *People v. Miller*, 25 P.3d 1230 (Colo.2001). There, the DOC issued an unconditional statutory discharge that purportedly took effect three days before the trial court granted the prosecution's motion to revoke the defendant's YOS sentence. The supreme court determined that the discharge was void and did not vitiate the trial court's jurisdiction because "[t]he YOS statute clearly provides that an offender who cannot successfully complete his YOS sentence must be returned to the district court." *People v. Miller, supra*, 25 P.3d at 1232; *see also* § 16–11–311(5)(c), C.R.S.2001.

■ Defendant argues that, unlike the situation in *Miller*, the DOC official who signed his discharge knew that there was a pending motion to revoke his YOS sentence. Even if defendant were correct, this is a distinction without a difference. An agency action that exceeds the scope of the statutory powers conferred on it is void. *See Hawes v. Colora-*

*do Div. of Ins.*, 45 P.3d 763 (Colo.App. 2001)(*cert. granted* Apr. 22, 2002).

We conclude the DOC's discharge order was void and did not affect the trial court's jurisdiction to revoke defendant's YOS sentence.

The order is affirmed.

Judge JONES and Judge KAPELKE concur.