**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Patrick Lamar EFFERSON, Defendant–Appellant.**

**No. 03CA0934.**

Colorado Court of Appeals, Division I.

May 19, 2005.

Certiorari Denied Nov. 7, 2005.

John W. Suthers, Attorney General, Laurie A. Booras, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Bradley A. Lozow, Denver, Colorado, for Defendant–Appellant.

METZGER *, J.

Defendant, Patrick Lamar Efferson, appeals the trial court's order revoking his Youthful Offender System (YOS) sentence and imposing a sixteen-year sentence to the Department of Corrections (DOC). He contends the trial court lacked jurisdiction to impose the DOC sentence. We disagree and, therefore, affirm.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

In 1997, defendant, then seventeen years old, pleaded guilty to attempted second degree murder, a class three felony. In exchange, four counts of attempted first degree murder, one count of conspiracy to commit first degree murder, one count of first degree assault, four counts of menacing, one count of unlawful possession of a handgun by a juvenile, and two violent crime counts were dismissed. Defendant received a sixteen-year DOC sentence, which was "suspended upon successful completion of six [6] years in [the] Youth Offender System."

On January 8, 2003, approximately two weeks before the expected completion date of his YOS sentence, defendant was discovered to have ingested alcohol and marijuana in violation of the terms and conditions of his YOS sentence. He was arrested immediately and held in custody pending a DOC administrative hearing. At the hearing, which was held after the expected completion date of his YOS sentence, defendant pleaded guilty to violating the terms and conditions of his sentence.

The DOC transmitted the necessary information to the district attorney, who filed a motion to revoke defendant's YOS sentence on February 24, 2003. Defendant moved to dismiss, asserting that, because the expected completion date of his YOS sentence had passed before any official proceedings to revoke it were initiated, the trial court lacked jurisdiction. The trial court denied the motion and a motion for reconsideration, concluding that defendant's arrest for violating the terms and conditions of his YOS sentence tolled its completion date. The trial court then granted the prosecution's motion to revoke defendant's YOS sentence and imposed the original sixteen-year DOC sentence.

■ Defendant contends that, because his YOS sentence had been completed before both the DOC administrative hearing and the filing of the prosecution's motion to revoke, the trial court was deprived of jurisdiction to impose the DOC sentence. We are not persuaded.

§ 24–51–1105, C.R.S.2004.

■ Defendant's challenge to the trial court's jurisdiction raises a question of law, which we review de novo. *People v. Valdez,* 68 P.3d 484 (Colo.App.2002).

When interpreting a statute, our primary responsibility is to ascertain the intent of the General Assembly. *Martin v. People,* 27 P.3d 846 (Colo.2001). Legislative intent should be determined from the plain and ordinary meaning of the statutory language whenever possible. *Mason v. People,* 932 P.2d 1377 (Colo.1997); *People v. Vinson,* 42 P.3d 86 (Colo.App.2002). If the statutory language unambiguously sets forth the legislative purpose, we need not apply additional rules of statutory construction to determine the statute's meaning. *See Martin v. People, supra.*

Under the terms of the YOS statute, § 18–1.3–407, C.R.S.2004 (formerly codified at § 16–11–311), the trial court must first impose a sentence to DOC, and then shall suspend it on condition of successful completion of a YOS sentence. Section 18–1.3–407(2)(a)(I), C.R.S.2004. If the youth offender successfully completes the YOS program, the DOC sentence is deemed to have been completed. *See* § 18–1.3–407(2)(a)(II), C.R.S.2004. However, if an offender does not successfully complete the YOS sentence, or fails to comply with its terms and conditions, he or she must be returned to the district court and "shall receive imposition of the original sentence to the [DOC]." Section 18–1.3–407(5)(c), C.R.S.2004; *see* § 18–1.3–407(2)(a)(II); *People v. Miller,* 25 P.3d 1230 (Colo.2001).

Section 18–1.3–407(5)(c) provides the specific procedures for revocation of a YOS sentence:

The [DOC] shall implement a procedure for returning offenders who cannot successfully complete the sentence to the [YOS] ... to the district court.... [A]ny offender who cannot successfully complete the sentence to the [YOS] ... shall be transferred, within thirty days after the executive director upholds the [DOC's] decision, to a county jail for holding prior to resentencing. The [DOC] shall notify the district attorney of record, [who] shall be responsible for seeking the revocation or

review of the youthful offender's sentence and the imposition of the original sentence
. . . .

The district court shall review the offender's sentence within one hundred twenty days after notification to the district attorney of record by the [DOC] that the offender is not able to complete the sentence to the [YOS] . . . .

Here, the parties do not dispute that the applicable time limits of that statute were met. They also do not dispute that the procedures under § 18–1.3–407(5)(c) were not instituted before the expected completion date of defendant's YOS sentence.

Relying on cases concerning probation revocation, defendant argues that the absence of filing of a timely motion to revoke his YOS sentence deprived the trial court of jurisdiction. We conclude these authorities are inapposite.

In *People v. Gore,* 774 P.2d 877 (Colo. 1989), the supreme court noted that probation is " 'a creature of statute' and the terms of probation must be derived from statute." *People v. Gore, supra,* 774 P.2d at 879 (quoting *People v. Ray,* 192 Colo. 391, 393, 560 P.2d 74, 75 (1977)). The court examined the statutes governing probation and concluded that, because the trial court had terminated probation by court order and revocation proceedings had not been initiated before such termination, the court did not have the power to revoke or extend the defendant's probation. In *People v. Perkins,* 676 P.2d 711 (Colo.App.1983), a division of this court held that the trial court was without jurisdiction to extend a deferred judgment and sentence beyond the two-year period provided for in the deferred sentencing statute. Thus, revocation proceedings initiated after this period were improper because the trial court had lost jurisdiction at the end of the statutory period. In neither case had the defendant been arrested or placed in custody before the probationary period expired. Consequently, these cases are unhelpful to our analysis.

Defendant also cites *People v. Miller, supra,* in support of his assertion. In our view, *Miller* does not support defendant's argument.

In *Miller,* the supreme court determined that, since the defendant was not entitled to be discharged from his YOS sentence because of his failure to successfully complete the program, the DOC's mistaken unconditional discharge from YOS was void under the YOS statute. The court also rejected the defendant's argument that no sentence was in existence after the DOC's mistaken discharge and the trial court was thereby deprived of jurisdiction to revoke it. The court concluded:

> The YOS statute clearly provides that a YOS sentence is only available to a defendant after a trial court first imposes a sentence to the DOC and then suspends that sentence on condition of successful completion of the YOS program. [Section 18–1.3–407(2)(a)(I).] Thus, under the YOS statute, a defendant's YOS sentence does not replace an original DOC sentence. Rather, the DOC sentence is merely suspended. . . . [T]hus the trial court retained jurisdiction to issue its order revoking the YOS sentence.

*People v. Miller, supra,* 25 P.3d at 1232–33; *see also People v. Valdez, supra,* 68 P.3d at 485 (relying on *Miller's* conclusion that the YOS statute requires that an offender who cannot successfully complete the YOS sentence must be returned to district court).

In *Miller,* the trial court had issued a detainer well before the defendant's discharge date and that detainer was in effect when the DOC mistakenly issued its unconditional statutory discharge. Thus, the detainer, being an indication that the defendant had not successfully completed his YOS sentence, effectively tolled the discharge date and rendered the unconditional discharge void.

Here, as in *Miller,* defendant was arrested and in custody well before the expected completion date of his YOS sentence. Although defendant's administrative hearing was not held and the motion to revoke was not filed until after the expected completion date of this sentence, his arrest and custodial status tolled the completion date pending resolution of the pending charges. Defendant admitted those charges at his administrative hearing.

Thus, because defendant did not successfully complete his YOS sentence, the sixteen-year DOC sentence could not be deemed completed. As a result, the trial court retained jurisdiction.

We reject defendant's contention that the filing of a complaint or other written motion constitutes the only procedure for initiating a YOS revocation. The statute contains no such requirement. Although in *Miller* a motion to revoke the defendant's YOS sentence was filed during the term of that sentence, the prosecution had also sought and obtained a detainer the same day. The supreme court in *Miller* did not hold that the filing of a motion to revoke was a necessary step under the statute.

Finally, because we find no ambiguity in the statute, we need not address defendant's argument regarding the rule of lenity. *See Frazier v. People,* 90 P.3d 807, 811 (Colo. 2004).

Therefore, the order is affirmed.

Chief Judge DAVIDSON and Judge CRISWELL concur.