2015 COA 33

**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**Andrew Joseph MARTINEZ,**
**Defendant–Appellee.**

**Court of Appeals No. 13CA0967**

Colorado Court of Appeals,
Div. II.

Announced March 26, 2015

George H. Brauchler, District Attorney, Susan J. Trout, Senior Deputy District Attorney, Centennial, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Jon W. Grevillius, Deputy Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by JUDGE GRAHAM

¶ 1 The People appeal from the district court's order dismissing their petition to revoke the Youthful Offender System (YOS) sentence of defendant, Andrew Joseph Martinez, based on its finding that it lost jurisdiction over the case because defendant's YOS sentence had expired. The People also appeal from the district court's order denying their motion to reconsider. We disapprove of those portions of the district court's orders concluding it lacked jurisdiction, but affirm based on the court's discretion to dismiss the revocation proceeding for violation of the YOS statute.

I.

¶ 2 The underlying facts of this case are not in dispute. On April 30, 2007, defendant pleaded guilty to first degree assault in Arapahoe County. He received a sentence of eighteen years in the custody of the Department of Corrections (DOC) suspended upon successful completion of a six year sentence to YOS. He received 348 days of presentence confinement, making the expected dis-

charge date of his YOS sentence May 12, 2012.

¶ 3 On January 18, 2012, while serving the community supervision portion of his YOS sentence, defendant walked away from his YOS residential center. On February 22, 2012, defendant was arrested in Denver and subsequently transferred to Larimer County to face a charge of felony escape.[1]

¶ 4 On March 1, 2012, while in Larimer County, defendant was served with a notice of charges alleging that he violated the DOC code of penal discipline when he left the YOS facility. On March 6, 2012, after an administrative hearing, defendant was found guilty of escape without force.

¶ 5 May 12, 2012, the date defendant's YOS sentence was set to expire, passed without the prosecution filing any documents related to revocation proceedings against defendant in Arapahoe County.

¶ 6 On November 16, 2012, defendant pleaded guilty in Larimer County to attempted escape and was sentenced to two years in the custody of the DOC. On November 20, 2012, defendant attended a DOC suitability hearing, which resulted in a recommendation that his YOS sentence be revoked. The YOS warden and the DOC executive director subsequently upheld the revocation recommendation.

¶ 7 On December 31, 2012, the prosecution received a request from the DOC seeking the revocation of defendant's YOS sentence and resentencing to eighteen years in the custody of the DOC. The prosecution filed a motion for revocation with the district court on February 11, 2013, requesting a hearing to revoke defendant's YOS sentence prior to April 30, 2013. It appears from the record that the prosecution failed to account for defendant's presentence confinement credit and believed defendant's YOS sentence would expire on April 30, 2013.

¶ 8 Defendant filed two motions to dismiss, alleging that the district court no longer had jurisdiction to revoke his YOS sentence because the sentence had expired on May 12, 2012. The prosecution responded to both motions arguing that defendant's YOS sentence was tolled, but failed to attach any evidence relating to defendant's arrest, the DOC administrative proceedings, or other pertinent matters.

¶ 9 On March 21, 2013, the court held a hearing on defendant's motions and, again, the prosecution failed to present any evidence supporting its argument that defendant's YOS sentence was tolled.

¶ 10 Following the hearing, the district court issued a written order concluding that it had lost jurisdiction over defendant because the revocation proceeding had not been initiated prior to the expiration of defendant's YOS sentence.

> This Court is of the opinion that the delay in filing for Defendant's revocation denied him due process under the law. Defendant was picked up for Escape in February 2012. His YOS sentence was set to terminate in May 2012. While the Court understands why the prosecution waited for the outcome on the Escape case before filing charges in the YOS case, the delay was lengthy and resulted in the Motion for Revocation not being filed until eleven months after the incident prompting revocation, and nine months after Defendant's YOS sentence terminated. The People could have, as the prosecution did in [*People v. Miller*, 25 P.3d 1230 (Colo. 2001)], filed a detainer, or something, in order to toll the YOS sentence and put the court on notice of an infraction. Instead, they filed nothing and now seek to have a completed sentence revoked and the suspended, and completed, sentence imposed. This the Court cannot do.

The court also concluded it lacked jurisdiction to revoke defendant's sentence because

---

1. The People cite throughout their briefs to portions of the record not accepted by the district court below. As will be discussed in Part IV of this opinion, the district court acted within its discretion in rejecting this evidence. Accordingly, we may not consider the evidence on appeal. *Cf. Moody v. People,* 159 P.3d 611, 617 (Colo. 2007) (an appellate court may only properly consider evidence presented at a suppression hearing when reviewing a trial court's suppression ruling); *Schmidt v. Frankewich,* 819 P.2d 1074, 1078 (Colo. App. 1991) (appellate court would not consider evidence presented in motion for reconsideration of summary judgment).

the DOC failed to transport him to county jail for resentencing within thirty-five days of the DOC executive director's upholding the revocation recommendation, as required by section 18–1.3–407(5)(c), C.R.S. 2014.

¶ 11 On May 16, 2013, forty-one days after the district court issued its ruling, the prosecution filed a motion to reconsider and attached nine exhibits containing information pertaining to defendant's arrest and the DOC administrative proceedings followed prior to defendant's YOS sentence expiring.

¶ 12 At an expedited hearing, the prosecution requested a new evidentiary hearing to address the exhibits attached to its motion. The district court granted the prosecution's request for argument, but denied its request to introduce new evidence, concluding that any evidence should have been introduced prior to its initial ruling and would not be considered. After the hearing, defendant filed a "motion to disregard" the proffered exhibits, arguing in part that the applicable criminal and civil rules of procedure barred their introduction as evidence.

¶ 13 On May 20, 2013, the court heard argument on both motions. After the hearing, the court ruled in favor of defendant, concluding that under C.R.C.P. 60(b)(5), the only applicable rule of procedure available to the prosecution, it was barred from considering new evidence. The court then declined to reconsider its prior order.

## II.

■ ¶ 14 The People contend the district court erred when it concluded it did not have jurisdiction to revoke defendant's YOS sentence. Specifically, they argue that by violating conditions of his YOS sentence before the anticipated completion date, defendant did not successfully complete his YOS sentence, and, therefore, his suspended DOC sentence was not complete. Accordingly, the People argue that the district court retained jurisdiction to revoke defendant's YOS sentence and impose the original DOC sentence. We agree.

¶ 15 "[W]e look to the language of the statute to determine the requirements for invoking the jurisdiction of the trial court."

*People v. Grell,* 950 P.2d 660, 661 (Colo. App. 1997). We review de novo a challenge to the district court's jurisdiction. *People v. Efferson,* 122 P.3d 1038, 1040 (Colo. App. 2005).

¶ 16 The YOS statute, section 18–1.3–407, begins by stating the General Assembly's intent to establish "a sentencing option for certain youthful offenders [in] a controlled and regimented environment that affirms dignity of self and others, promotes the value of work and self-discipline, and develops useful skills and abilities through enriched programming." § 18–1.3–407(1)(a).

¶ 17 When sentenced under the YOS statute, an offender is first sentenced to the DOC pursuant to section 18–1.3–401, C.R.S. 2014, and then the DOC sentence is suspended conditioned upon the offender's completion of a sentence to the YOS program. § 18–1.3–407(2)(a)(I). Only upon "successful completion" of the sentence to the YOS program, including the mandatory period of community supervision, is the offender's DOC sentence completed. § 18–1.3–407(2)(a)(II).

■ ¶ 18 Section 18–1.3–407(5)(c) provides that any offender who cannot complete a YOS sentence must be returned to the district court, and grants discretion to the DOC to implement a procedure for returning such offenders to the district court. Such offenders are not entitled to be discharged from YOS and their suspended DOC sentences are not complete. *See Miller,* 25 P.3d at 1232 ("Defendant was not entitled to a discharge from his DOC sentence due to his failure to successfully complete the YOS program. The YOS statute clearly provides that an offender who cannot successfully complete his YOS sentence must be returned to the district court."); *Efferson,* 122 P.3d at 1041. Thus, a defendant must successfully complete a YOS sentence before a suspended sentence may be considered discharged. *Miller,* 25 P.3d at 1232.

■ ¶ 19 Further, the arrest and custodial status of an offender alleged to have violated the terms and conditions of a YOS sentence toll the discharge date of the YOS sentence pending resolution of the charges. *Efferson,* 122 P.3d at 1041.

¶ 20 In *Efferson*, a division of this court interpreted the plain language of section 18–1.3–407(5)(c) and rejected the "contention that the filing of a complaint or other written motion constitutes the only procedure for initiating a YOS revocation," noting that "[t]he statute contains no such requirement." *Id.* We are persuaded by the reasoning and analysis in *Efferson* and agree with the People that it is dispositive of the jurisdictional question in this case.

¶ 21 The district court, in concluding that it had lost jurisdiction over defendant, focused on the fact that the prosecution had failed to file a detainer or other documentation with the court prior to the scheduled termination date of defendant's YOS sentence, a fact the court believed distinguished this case from *Efferson*. We conclude any factual differences between the arrest and filing of the revocation complaint in this case and *Efferson* do not warrant a different outcome.

¶ 22 Defendant argues that *Efferson* is distinguishable because his arrest was based on new felony charges and not on a violation of the conditions of his YOS sentence. In support of this distinction, defendant notes that he was being held in Larimer County, not Arapahoe County, for the escape charge. Relying on similar reasoning, defendant contends *Miller* is inapposite because no detainer was filed in this case.

¶ 23 There is no language in the YOS statute, *Miller*, or *Efferson* that supports defendant's assertion that a detainer is required to toll a YOS sentence. Rather, the dispositive issue is whether defendant had successfully completed his YOS sentence, which, in turn, would determine whether he remained under his DOC sentence. *See* § 18–1.3–407(2)(a)(II); *Miller*, 25 P.3d at 1231–32; *Efferson*, 122 P.3d at 1041.

¶ 24 When defendant was arrested, he remained under his DOC sentence because he had not successfully completed his YOS sentence. The fact that he was held on different criminal charges does not alter this fact. And before the scheduled termination of his YOS sentence, he received notice and an administrative hearing at which he was found to have violated the terms of his YOS sentence. By violating conditions of his YOS sentence before the anticipated completion date, defendant did not successfully complete his YOS sentence, and, therefore, his suspended DOC sentence was not complete. § 18–1.3–407(2)(a)(II); *see Miller*, 25 P.3d at 1231–32. We therefore agree with the People that, under the circumstances of this case, the district court retained jurisdiction to revoke defendant's YOS sentence and impose the original DOC sentence.

¶ 25 In its order, the district court found the case of *People v. Gore*, 774 P.2d 877 (Colo. 1989), to be more analogous to defendant's situation than *Miller*, *Efferson*, or *People v. Valdez*, 68 P.3d 484 (Colo. App. 2002). However, *Gore* involves a probation sentence, not a YOS sentence. 774 P.2d at 884. *Miller*, *Efferson*, and *Valdez* all involve the interpretation of section 18–1.3–407 (formerly codified at section 16–11–311) and address the district court's jurisdiction to revoke a YOS sentence after the YOS sentence has expired. Those cases focus on the actions taken by the DOC with regard to revoking the YOS sentence before expiration and whether those actions demonstrate that the DOC believed the offender had successfully completed the sentence. *See Miller*, 25 P.3d at 1232; *Efferson*, 122 P.3d at 1041; *Valdez*, 68 P.3d at 485. Because the reasoning and analysis in those cases is directly applicable here, we are not persuaded to depart from them in favor of *Gore*.

¶ 26 Because the district court retained jurisdiction to revoke defendant's YOS sentence and impose the suspended eighteen year DOC sentence, we disapprove of those portions of the district court's orders deciding to the contrary.

## III.

¶ 27 However, whether the court retained jurisdiction to revoke defendant's YOS sentence does not end our inquiry. In its order on the prosecution's motion to reconsider, the court ruled in the alternative that if it retained jurisdiction to revoke defendant's sentence, it was exercising its discretion to dismiss the revocation proceeding

based on the DOC's failure to comply with the provisions of the YOS statute.

> The People argue that ... this failure to comply with the terms of the statute is not jurisdictional in nature and thus, that the Court erred when it so found. The People rely on *People v. Grell,* 950 P.2d 660 (Colo. App. 1997) for this proposition. *Grell* concerned a prosecutor's failure to file a forfeiture complaint within the sixty-day time limit. The Colorado Court of Appeals found that such a failure to comply was a procedural defect that did not divest the trial court of subject matter jurisdiction. In the present case, at the hearing, the People acknowledged that while the Court may have had jurisdiction to consider the matter, it also retained discretion to dismiss the case for failure to comply with the provisions of the statute.

> Therefore, the Court finds that Defendant was not transported to county jail in the time required after upholding the decision to revoke his YOS sentence, and, based on this, the Court exercises its discretion and grants Defendant's first Motion to Dismiss for violation of section 18–1.3–407(5)(c) and affirms the order.

In pertinent part, section 18–1.3–407(5)(c) requires:

> After the executive director of the department upholds the department's decision, the offender may be held in any correctional facility deemed appropriate by the executive director; except that an offender who cannot successfully complete the sentence to the youthful offender system ... because he or she fails to comply with the terms or conditions of the youthful offender system, *shall be transferred, within thirty-five days* after the executive director upholds the department's decision, *to a county jail* for holding prior to resentencing.

(Emphasis added.) Here, there is no dispute that the DOC failed to transport defendant to a county jail as required by section 18–1.3407(5)(c).[2]

¶ 28 The YOS statute does not provide a remedy for failure to timely transport a defendant to county jail. However, if the district court were unable to fashion an appropriate remedy for such a violation, the time limits in the YOS statute would be superfluous. We interpret statutes so that all words have a purpose. *See People v. Turecek,* 2012 COA 59, ¶ 10, 280 P.3d 73 ("When a court construes a statute, it should read and consider the statute as a whole and interpret it in a manner giving consistent, harmonious, and sensible effect to all of its parts. In doing so, a court should not interpret the statute so as to render any part of it either meaningless or absurd." (citation omitted)). And "[o]nce a court's subject matter jurisdiction is properly invoked, a party's failure to comply with a procedural requirement may justify the court's dismissal of the action within its discretion, but such failure does not divest the court of subject matter jurisdiction." *SMLL, L.L.C. v. Peak Nat'l Bank,* 111 P.3d 563, 566 (Colo. App. 2005) (collecting cases).

¶ 29 Moreover, as defendant rightly argues on appeal, the prosecution conceded that the district court retained discretion to dismiss the revocation proceeding for violating the YOS statute.

> The Court: If it's a procedural defect, I would still have the ability to dismiss because it would be under my discretion. Correct?

> [Prosecutor]: Just as a general principle, Your Honor, I would say I'm sure there's some discretionary component.

> Without looking further at the law, which is what I would like to do before answering that question, I'm not sure the extent to which the discretion is there.

> It's—it might depend on case by case what is the defect. I'm sure it probably does. It's a case-by-case determination.

---

2. We note that the People's argument to the district court that it retained jurisdiction despite the statutory violation is correct. "Once properly invoked, a court's jurisdiction is not divested by a party's failure to comply with a statutory requirement." *People v. Grell,* 950 P.2d 660, 662 (Colo. App. 1997); *cf. People in Interest of Clinton,* 762 P.2d 1381, 1386 (Colo. 1988) (failure to follow requirements of statute is a statutory violation not implicating jurisdictional concerns). The district court appeared to reach this conclusion in its order on the motion to reconsider.

Yes, the Court does have some discretion, even if it's not a jurisdictional defect.

¶ 30 On appeal the People now argue the court "cannot confer jurisdiction on itself" and that "[t]he district court erred in concluding it had jurisdiction to release [defendant] from DOC custody because he was not timely transported to county jail." The only logical reading of this argument is that the district court lacked *discretion* to release defendant, for if the court lacked jurisdiction it would be unable to grant the People the relief they seek—revocation of defendant's YOS sentence. *See, e.g., People v. Widhalm,* 991 P.2d 291, 293 (Colo. App. 1999) ("A court must always have jurisdiction to act. Thus, any action taken by a court when it lacks jurisdiction is a nullity."). But if the court lacked discretion to fashion an appropriate remedy for violating the statute, a mandatory provision of the statute requiring the DOC to transfer defendant to county jail within thirty-five days would be meaningless. Consequently, we conclude the district court retained discretion to fashion a remedy it deemed appropriate for the statutory violation, and we perceive no abuse of that discretion in the court determining dismissal was the appropriate remedy. *Cf.* § 18–1.3–104, C.R.S. 2014 (sentencing court has discretion to choose among alternatives in sentencing a defendant); *United States v. Booker,* 543 U.S. 220, 259, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (concluding the portion of the federal sentencing act which required sentencing courts to impose a sentence within the applicable guidelines range was unconstitutional); *People v. Dunlap,* 975 P.2d 723, 755 (Colo. 1999) (a trial court has broad discretion to fashion remedies for violations of Crim. P. 16); *People v. Dist. Court,* 808 P.2d 831, 836 (Colo. 1991) (a trial court has traditionally been given broad discretion to fashion an

appropriate remedy for the prosecution's failure to reveal exculpatory evidence); *People v. Shifrin,* 2014 COA 14, ¶ 83, 342 P.3d 506 (a trial court enjoys broad discretion to fashion appropriate remedies under the Colorado Consumer Protection Act); *Bd. of Cnty. Comm'ns v. Park Cnty. Sportsmen's Ranch, LLP,* 271 P.3d 562, 574 (Colo. App. 2011) (a trial court possesses broad discretion to fashion equitable remedies).[3]

## IV.

¶ 31 The People contend the district court erred when it refused to consider "new" evidence attached to their motion for reconsideration. Because we conclude the court properly determined that the applicable rules of criminal and civil procedure did not allow for the introduction of new evidence, we disagree.

¶ 32 Forty-one days after the court entered its initial order dismissing the case, the prosecution filed a motion to reconsider and attached nine exhibits containing evidence not previously presented to the court. After a hearing on the motion, the court declined to consider the evidence and denied the prosecution's motion for reconsideration.

¶ 33 There is no applicable rule of criminal procedure permitting a trial court to reconsider an order dismissing a criminal case. *See Dike v. People,* 30 P.3d 197, 200 (Colo. 2001); *People v. Albaugh,* 949 P.2d 115, 117 (Colo. App. 1997). Crim. P. 57(b), however, permits a court to look to the rules of civil procedure in the absence of an applicable criminal rule. "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these Rules of Criminal Procedure ... and *shall* look to the Rules of Civil Procedure and

---

**3.** Our interpretation of the statute does not conflict with section 18–1.3–407(2)(a)(II), C.R.S. 2014, which requires that "[w]henever an offender is returned to the district court for revocation pursuant to subsection (5) of this section, the court shall impose the original sentence following the revocation of the sentence to the youthful offender system...." Here, the prosecution failed to properly return defendant for revocation under section 18–1.3–407(5), thus the district court's decision not to revoke defendant's YOS sentence did not violate the mandatory language

of section 18–1.3–407(2)(a)(II). Furthermore, a plain reading of the entire YOS statute would suggest that a district court must revoke a defendant's sentence only when the additional mandatory terms of the YOS statute have been satisfied by the DOC and the prosecution. To read the statute as the People suggest would result in the DOC and the prosecution being able to violate mandatory language in the statute while precluding the district court from addressing these violations.

to the applicable law if no Rule of Criminal Procedure exists." *Id.* (emphasis added); *see People v. Janke,* 852 P.2d 1271, 1274 (Colo. App. 1992). Divisions of this court have recognized only two civil rules that, by analogy, may provide legal authority permitting a trial court to reconsider an order dismissing a criminal case: C.R.C.P. 59 and C.R.C.P. 60(b). *See Albaugh,* 949 P.2d at 117–18; *Janke,* 852 P.2d at 1274; *but see People v. Thomas,* 195 P.3d 1162, 1164–65 (Colo. App. 2008) (declining to apply C.R.C.P. 59 or C.R.C.P. 60 to a criminal defendant's motion to reconsider under Crim. P. 35).

¶ 34 C.R.C.P. 59 is inapplicable in this case because the prosecution did not file its motion to reconsider "[w]ithin 14 days of entry of judgment." C.R.C.P. 59(a); *see Albaugh,* 949 P.2d at 117.

¶ 35 C.R.C.P. 60, however, "permits a trial court to reconsider and, if necessary, to change a prior ruling when a significant new matter of fact or law arises that is extrinsic to it because it was not previously presented to the court." *Albaugh,* 949 P.2d at 117. According to C.R.C.P. 60(b)

> [o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

A motion under this rule must be made either within six months or "within a reasonable time" after the entry of judgment. C.R.C.P. 60(b).

¶ 36 If the prosecution's motion is construed to be a motion to reconsider under C.R.C.P. 60(b) (the motion itself contains no legal authority that would permit the district court to reconsider its dismissal order), we recognize that district courts have discretion in determining whether to grant such a motion. *Albaugh,* 949 P.2d at 117 (citing *E.B. Jones Constr. Co. v. City & Cnty. of Denver,* 717 P.2d 1009 (Colo. App. 1986)); *see State Farm Mut. Auto. Ins. Co. v. McMillan,* 925 P.2d 785, 791 (Colo. 1996) (grant or denial of motion under C.R.C.P. 60(b) is reviewed for abuse of discretion).

¶ 37 However, only C.R.C.P. 60(b)(5) applies here because the prosecution did not establish its entitlement to relief under any of the remaining 60(b) subsections. And our supreme court has held that we must interpret C.R.C.P. 60(b)(5) narrowly to "avoid undercutting judgments unduly." *Canton Oil Corp. v. Dist. Court,* 731 P.2d 687, 694 (Colo. 1987). Specifically, C.R.C.P. 60(b)(5) provides relief only in "extraordinary circumstances" and "extreme situations." *Id.*; *see State Farm,* 925 P.2d at 791.

¶ 38 Moreover, a C.R.C.P. 60(b)(5) motion for reconsideration alleging new evidence requires:

> "[F]irst, the applicant must establish that the evidence could not have been discovered by the exercise of reasonable diligence and produced at the first trial; second, it must be shown that the evidence was material to an issue in the first trial; and third, the applicant must establish that the evidence, if admitted, would probably change the result of the first trial."

*Se. Colo. Water Conservancy Dist. v. O'Neill,* 817 P.2d 500, 505 (Colo. 1991) (quoting *Aspen Skiing Co. v. Peer,* 804 P.2d 166, 172 (Colo. 1991)).

¶ 39 In this case, the prosecution never argued that the evidence could not have been discovered by the exercise of reasonable diligence. In fact, the prosecution readily admitted that this information was available to it, but argued to the court that "the People did not offer all documentation received from DOC, believing that these materials could be presented" at a later hearing. Because the prosecution failed to establish that the evi-

dence could not have been discovered by the exercise of reasonable diligence, the district court did not abuse its discretion in refusing to consider the new evidence attached to the prosecution's motion. Furthermore, because the prosecution failed to establish an extraordinary circumstance entitling it to relief under C.R.C.P. 60(b)(5), we conclude the district court did not abuse its discretion in denying the prosecution's motion altogether.

## V.

¶ 40 The district court's ruling is disapproved in part and the orders are affirmed.

JUDGE CASEBOLT and JUDGE DUNN concur.