23CA1551 Peo v Brown 12-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1551
El Paso County District Court No. 19CR6356
Honorable Lin Billings Vela, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Cruzito Romeo Brown,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Brown and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

Philip J. Weiser, Attorney General, Allison S. Block, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kevin M. Whitfield, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Cruzito Romeo Brown, appeals the district court's order revoking his sentence to the Youthful Offender System (YOS) and imposing the previously suspended twenty-year Department of Corrections (DOC) sentence. We affirm.

## I.     Background

¶ 2     When he was fifteen years old, Brown and his older brother shot at a motorcyclist several times. The victim died, and the prosecution charged Brown with first degree murder in the district court. In exchange for the dismissal of that charge plus five other juvenile cases, Brown agreed to plead guilty to one count of second degree murder.

¶ 3     As specified in the plea agreement, the district court sentenced Brown to twenty years in the custody of the DOC, suspended on the condition that he successfully complete a six-year YOS sentence. *See* §§ 18-1.3-407(2)(a)(I), C.R.S. 2025 (the YOS statute); 19-2.5-802(1)(d)(I)(B), C.R.S. 2025. When he entered YOS, Brown signed a behavior contract saying he understood he could be removed or revoked from YOS for violating its terms and conditions, including assault on other offenders and gang-related activities.

¶ 4     Brown did not successfully complete his YOS sentence. Although he graduated from the YOS intake phase at the top of his class, he later accumulated over 100 incident reports and twenty Code of Penal Discipline (COPD) convictions for conduct including several assaults on other offenders and gang-related activities. After failed remediation attempts over two years, a multidisciplinary YOS team conducted a second "suitability hearing" and recommended revoking Brown's YOS sentence because he had violated the terms and conditions of his behavior contract and failed to progress in the system. The YOS warden and the Executive Director of the DOC reviewed and approved the team's recommendation.

¶ 5     The prosecution moved to revoke Brown's YOS sentence and reinstate his DOC sentence in accordance with section 18-1.3-407(5)(c). Brown was represented by counsel at the revocation hearing, where the district court considered an extensive revocation packet and the testimony of YOS staff members. The court found that Brown had failed to comply with the terms and conditions of his YOS sentence. As relevant to the primary argument in this appeal, the court found that

2

> . . . despite having gone through one suitability hearing before and having been given the opportunity to remain in the YOS program, there's still a persistent representation to the Court that it is everyone's responsibility but Mr. Brown's as to why he failed to comply with the terms and conditions of his YOS sentence.
>
> The revocation packet does not reflect a failure . . . of YOS to engage Mr. Brown in the programing. To the contrary, it reflects time and time again that they endeavored to keep him in the program and endeavored to see him successfully complete it.

Consequently, the court revoked Brown's YOS sentence and imposed the suspended twenty-year DOC sentence, with credit for time served.

## II. Discussion

¶ 6      At Brown's revocation hearing, he conceded that under the circumstances, the district court "has no discretion in this matter." Nonetheless, on appeal, Brown argues that the district court abused its discretion by revoking his YOS sentence because (1) he did not receive the full benefit of YOS programs due to the COVID pandemic and disciplinary restrictions, (2) the prosecution failed to establish that YOS followed all proper procedures prior to

revocation, and (3) the evidence shows that Brown's successes in YOS outweigh his failures. We reject these arguments.

## A. Limited Discretion to Not Revoke

¶ 7 We review a district court's decision to revoke a YOS sentence for an abuse of discretion, *People v. Johnson*, 2022 COA 68, ¶ 35, but this discretion is limited by the YOS statute, *People v. Morris*, 2024 COA 105, ¶ 26. Once the YOS recommends revocation and the DOC returns an offender to the district court, the YOS statute requires the district court to revoke the offender's YOS sentence and impose the suspended DOC sentence unless certain conditions apply. *Id.* at ¶¶ 26-27; § 18-1.3-407(2)(a)(II), (5).

¶ 8 Under existing case law, a court has discretion to deny a YOS-recommended revocation when (1) the prosecution moves to revoke without just cause or fails to prove that the offender cannot successfully complete the sentence, *People v. McCoy*, 939 P.2d 537, 540 (Colo. App. 1997); or (2) the DOC fails to comply with the provisions of the YOS statute, *People v. Martinez*, 2015 COA 33, ¶¶ 29-30. And the court may impose a reduced DOC sentence only when the offender's inability to complete a YOS sentence is due to a

diagnosed "behavioral or mental health disorder or intellectual and developmental disability." § 18-1.3-407(5)(b).

¶ 9    A court abuses its discretion in a YOS revocation decision when the decision is manifestly arbitrary, unreasonable, or unfair. *Johnson*, ¶ 35.

## B.    Analysis

¶ 10    To the extent the district court had discretion to not revoke Brown's YOS sentence, we perceive no abuse of discretion.

¶ 11    With respect to the lack of YOS programming, Brown argues that because the YOS statute guarantees "enriched programming" and Brown did not receive the full array of programs, the court should have exercised its discretion not to revoke.[1]  Even accepting that the statute guarantees a certain amount of enriched programming, we perceive nothing manifestly arbitrary, unreasonable, or unfair about the court's decision.  While the record shows that some YOS programs were affected by pandemic

---

[1] The stated purpose of the YOS statute is to provide youthful offenders with "a controlled and regimented environment that affirms dignity of self and others, promotes the value of work and self-discipline, and develops useful skills and abilities through enriched programming." § 18-1.3-407(1), C.R.S. 2025.

lockdowns, it also supports the court's findings that YOS did not fail to offer enriched programming — rather, Brown failed to successfully engage in the programs offered, and his participation was necessarily limited by the risk of harm to other inmates.

¶ 12   Regarding Brown's argument that the prosecution failed to prove that YOS followed proper revocation procedures, Brown appears to make two assertions: that (1) he did not receive the administrative due process afforded for his COPD convictions, and (2) the YOS did not follow its own procedures — specifically, giving notice of the witnesses against Brown and access to physical evidence — for the suitability hearing.  We reject this argument for three reasons.

¶ 13   First, this is not the due process argument Brown pursued at the revocation hearing, where he challenged the validity of the YOS procedures themselves.  Second, the legality of Brown's COPD convictions was not properly before the district court in the revocation proceeding.  *See Garcia v. Harms*, 2014 COA 154, ¶ 10 (holding that "where an inmate challenges the [DOC]'s quasi-judicial action, his claim falls within the scope of Rule 106.5, and he must bring his action in accordance with the rule").  And third,

the administrative regulation that governs an offender's due process rights at a suitability hearing does not provide for notice of witnesses or access to physical evidence. *See* DOC Admin. Reg. 1600-01(IV)(F)(5)(a) (listing specific due process rights offered at a suitability hearing).

¶ 14    Finally, we reject Brown's argument that the YOS statute grants the district court discretion to weigh an offender's success-to-failure rate and determine whether the offender remains a suitable candidate for YOS. *See Morris*, ¶¶ 25-27. A court cannot abuse discretion it has no authority to exercise.

¶ 15    We conclude that here, the district court properly exercised its limited discretion.

### III.    Disposition

¶ 16    The order is affirmed.

JUDGE BROWN and JUDGE MEIRINK concur.