Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 18, 2018

**2018 CO 60**

**No. 18SA26, <u>People v. Stackhouse</u>, — Double Jeopardy.**

Pursuant to C.A.R. 21, the People challenge an order of the district court granting Mr. Stackhouse's motion to compel the People to elect a particular allegation of sexual assault on a child as their sole basis for proceeding in Mr. Stackhouse's retrial.  The supreme court holds that the district court erred when it concluded that the jury in Mr. Stackhouse's first trial had necessarily concluded that he did not commit multiple acts of assault, and therefore that he could not be retried for more than a single assault.  The supreme court makes the rule to show cause absolute, reverses the district court's order, and remands this case to the district court for further proceedings.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 60

**Supreme Court Case No. 18SA26**
*Original Proceeding Pursuant to C.A.R. 21*
Adams County District Court Case No. 08CR3237
Honorable Robert Walter Kiesnowski, Jr., Judge

**In Re**
**Plaintiff:**

The People of the State of Colorado,

v.

**Defendant:**

James Robert Stackhouse.

**Rule Made Absolute**
*en banc*
June 18, 2018

**Attorneys for Plaintiff:**
Dave Young, District Attorney, Seventeenth Judicial District
Sarah Stout, Deputy District Attorney
Cameron Munier, Senior Deputy District Attorney
Michael Whitney, Deputy District Attorney
 *Brighton, Colorado*

**Attorneys for Defendant:**
Johnson & Klein, PLLC
Gail K. Johnson
Eric K. Klein
 *Boulder, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1     In this original proceeding, we review the district court's order permitting the People to retry James Stackhouse on only one of the many alleged acts of sexual assault on a child for which he had been charged. The district court concluded that the jury in Mr. Stackhouse's first trial had necessarily concluded that he did not commit multiple acts of assault, and therefore that he could not be retried for more than a single assault. The People filed a petition under C.A.R. 21, asking us to review this conclusion. For the reasons set forth below, we make the rule to show cause absolute, reverse the district court's order, and remand this case to the district court for further proceedings.

## I. Facts and Procedural History

¶2     In 2008, Mr. Stackhouse was charged with one count of sexual assault on a child by one in a position of trust, a class-three felony, in violation of sections 18-3-405.3(1) and (2)(a), C.R.S. (2017); one count of sexual assault on a child, a class-four felony, in violation of subsection 18-3-405(1); and the sentence enhancer of sexual assault on a child as a pattern of abuse, in violation of sections 18-3-405(1) and (2)(d), which elevates the class-four felony of sexual assault on a child to a class-three felony. In 2010, Mr. Stackhouse proceeded to trial on these charges. A jury found Mr. Stackhouse guilty of sexual assault on a child by one in a position of trust and of sexual assault on a child. The jury did not find the pattern-of-abuse sentence enhancer.[1]

---

[1]The jury verdicts are included as Appendix 1. The Special Interrogatory form that reflects the jury's verdict as to the pattern count is included as Appendix 2.

¶3     Mr. Stackhouse filed a motion for post-conviction relief pursuant to C.R.C.P. 35(c), claiming ineffective assistance of counsel. The People conceded the claim that the trial court erred in failing to give a unanimity instruction. The post-conviction court granted Mr. Stackhouse's C.R.C.P. 35(c) motion, vacating his convictions and setting the case for a new trial.

¶4     In his pending second trial, Mr. Stackhouse faces the two counts the jury convicted him of at his first trial; he is not facing retrial on the pattern count. Mr. Stackhouse's new trial counsel filed a motion asking the court to restrict the prosecution in his second trial to only a single allegation of sexual abuse that was based on a 2007 report by the victim to a preschool teacher. The motion asserted that because the first jury "unanimously found that the sexual assault was <u>not</u> committed as part of a pattern of abuse," the jury "necessarily found that Mr. Stackhouse did not commit two or more incidents of sexual contact upon [the victim]." (Emphasis in original). Because all of the allegations presented at the first trial—with the exception of the 2007 allegation reported to the teacher—were of <u>multiple</u> alleged acts of sexual contact, Mr. Stackhouse argued that the jury in his first trial could only have believed that single allegation. Therefore, Mr. Stackhouse argued, his rights to due process, a fair trial, and to be free from double jeopardy precluded the prosecution from taking a second bite at the apple by rearguing any of the other allegations of abuse to a new jury.

¶5     The district court agreed, stating that "the import of the no pattern finding is that those 12 individuals focused on a singular act that they believed was proven beyond a reasonable doubt." The People filed a Motion to Reconsider. At the hearing on this

motion, the district court expressed doubts about its initial ruling, but noted that the issue was going to come to this court one way or another, so denied the motion. The People then petitioned this court to review the district court's order pursuant to C.A.R. 21, and we issued a rule to show cause why the district court's order should not be vacated.

## II. Original Jurisdiction and Standard of Review

¶6 Exercise of our original jurisdiction under C.A.R. 21 is within our sole discretion. C.A.R. 21(a)(1); In re Marriage of Gromicko, 2017 CO 1, ¶ 16, 387 P.3d 58, 61 (citing Fognani v. Young, 115 P.3d 1268, 1271 (Colo. 2005)). We may choose to exercise our original jurisdiction when an ordinary appellate remedy would be inadequate. C.A.R. 21(a)(1); Gadeco, LLC v. Grynberg, 2018 CO 22, ¶ 8, 415 P.3d 323, 327; People v. Aleem, 149 P.3d 765, 771 (Colo. 2007) (citing People v. Miller, 25 P.3d 1230, 1231 (Colo. 2001)). Because no adequate remedy is otherwise available in this instance, we conclude that the exercise of our original jurisdiction is appropriate in this case.

## III. Analysis

¶7 The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The parallel clause in the Colorado Constitution provides: "[N]or shall any person be twice put in jeopardy for the same offense." Colo. Const. art. II, § 18. An important principle of double jeopardy is that the government is precluded "from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial." Yeager v. United States, 557 U.S. 110, 119 (2009) (citing

4

Ashe v. Swenson, 397 U.S. 436 (1970)).  In other words, in a second trial of a criminal defendant, a fact that was necessarily determined by the jury in a previous trial must be given preclusive effect.

¶8     Double jeopardy requires a judge in a retrial to determine precisely what the jury in a first trial necessarily decided.  As explained by the U.S. Supreme Court, in making this determination, courts must examine the entire record from the initial proceeding to "conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Ashe, 397 U.S. at 444.  The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." Id.

¶9     Here, the dispute over what the jury actually decided in Mr. Stackhouse's first trial turns on the import of the Special Interrogatory submitted in connection with the pattern-of-abuse sentence enhancer.  There is no question that the jury unanimously found Mr. Stackhouse guilty of sexual assault on a child and sexual assault on a child by one in a position of trust.  There is also no question that the jury checked the box "no" in response to the Special Interrogatory's question "[w]as the sexual assault that was committed against [the victim] a part of a pattern of sexual abuse?"

¶10    Mr. Stackhouse argues that because of the check mark in that "no" box, the jury in his first trial necessarily and unanimously found that only one act of sexual contact ever occurred.  Because all of the other allegations against him involve multiple acts of abuse, he argues that he can only be retried for the 2007 allegation that only involved one instance of sexual abuse.

5

¶11    This contention is not supported by the record. The Special Interrogatory in Mr. Stackhouse's first trial directed the jury to find a pattern of abuse only if the jurors unanimously agreed that two or more on a list of five different, very specific types of sexual abuse had occurred. The jury did not have the option, based on the Special Interrogatory, to find that Mr. Stackhouse had engaged in a pattern that included multiple instances of one type of sexual abuse, such as touching his victim's genitals with his hand or touching her body with his genitals. Instead, to find a pattern, the jury was told that "[y]ou must select at least two boxes" of the five very specific types of sexual abuse. The record shows that the jury was uncertain how to respond to the Special Interrogatory. During deliberations, the jurors submitted a question to the court asking "whether 'pattern' pertains to multiple instances/occurrences? Or . . . do we have to select two of the categories marked with a double asterisk[?]" The judge responded that, as the interrogatory itself stated, the jurors had to be unanimous in their judgment that instances of at least two of the five categories of sexual abuse had occurred in order to "mark the boxes as indicated in the interrogatory" and find a pattern of abuse.

¶12    So what does it mean that the jury did not check the "yes" box indicating that they unanimously found a pattern of sexual abuse? Mr. Stackhouse argues, and the court here found, that it means they unanimously agreed that only a single instance of sexual abuse occurred. We disagree. All we can take from the Special Interrogatory is that the jury did not unanimously agree that two or more of the five very specific types of sexual abuse listed on the form occurred. The jury may have agreed that

6

Mr. Stackhouse touched the victim's genitals with his hand, that he placed his genitals on her stomach, <u>or</u> that he placed his genitals on her hands. They may even have agreed that he did any one of these things more than once. Or, they may not have unanimously agreed on any of the specific allegations listed on the Special Interrogatory. We cannot know and should not speculate. All we do know is that the jury did not unanimously agree that Mr. Stackhouse engaged in two or more of the five specified types of sexual abuse and therefore could not check two of the boxes on the form.

¶13 Concluding that the jury lacked unanimity as to the commission of two or more types of abuse does not require—or even permit—a conclusion that the jury necessarily and unanimously agreed that Mr. Stackhouse did not engage in multiple acts of abuse of a single type. The district court abused its discretion when it found otherwise. Therefore, in this case double jeopardy does not require the People to elect the January 2007 allegation as the sole basis for Mr. Stackhouse's retrial.

## IV. Conclusion

¶14 We make the rule to show cause absolute, reverse the district court's order, and remand this case to the district court for further proceedings consistent with this opinion.

# Appendix 1

DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO

FILED IN ADAMS COUNTY
~~~~~~~~~~~~~~ ~~~~~~

Case No. 08CR3237

MAR 2 - 2010

JURY VERDICT, Sexual Assault on a Child by One in a Position of Trust

DATE FILED: February 8, 2018 5:15 PM

PEOPLE OF THE STATE OF COLORADO,
Plaintiff,

v.

JAMES ROBERT STACKHOUSE,
Defendant.

I.   *We, the jury, find the defendant, James Robert Stackhouse, NOT GUILTY of Sexual

Assault on a Child by One in a Position of Trust.

_____

FOREPERSON

II.   *We, the jury, find the defendant, James Robert Stackhouse, GUILTY of Sexual

Assault on a Child by One in a Position of Trust.

████████████████████

FOREPERSON

* The foreperson should sign <u>only</u> <u>one</u> of the above (I or II). If the verdict is NOT GUILTY,
then I. above should be signed. If the verdict is GUILTY, then II. above should be signed. The
verdict finding must be unanimous.

8

# Appendix 1

DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO

Case No. 08CR3237

JURY VERDICT, Sexual Assault on a Child

PEOPLE OF THE STATE OF COLORADO,
Plaintiff,

v.

JAMES ROBERT STACKHOUSE
Defendant.

I.      *We, the jury, find the defendant, James Robert Stackhouse, NOT GUILTY of Sexual

Assault on a Child.

---
FOREPERSON

II.     *We, the jury, find the defendant, James Robert Stackhouse, GUILTY of Sexual

Assault on a Child.

███████████████████
FOREPERSON

* The foreperson should sign <u>only one</u> of the above (I or II). If the verdict is NOT GUILTY, then I. above should be signed. If the verdict is GUILTY, then II. above should be signed. The verdict finding must be unanimous.

# Appendix 2

DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO
Case No. 08CR3237

SPECIAL INTERROGATORY – Pattern of Sexual Abuse

PEOPLE OF THE STATE OF COLORADO,
Plaintiff,

v.

JAMES ROBERT STACKHOUSE,
Defendant.

You are to complete this Special Interrogatory **ONLY** if you find the defendant GUILTY of Sexual Assault on a Child. If you find the defendant GUILTY of Sexual Assault on a Child the foreperson must complete this Special Interrogatory by placing, in ink, an "X" in the appropriate square(s). The verdict finding must represent the considered judgment of each juror. The verdict finding must be unanimous.

Was the sexual assault that was committed against ███████ a part of a pattern of sexual abuse?

*I.   [X]   No

*II.   [ ]   Yes, and we unanimously find that the defendant committed the following acts:

   **[ ]   Touching ███████ vagina (no. no) with his hand in the bedroom with the princess sheets and blankets.

   **[ ]   Touching ███████ hands with his penis in her brothers room.

   **[ ]   Touching ███████ feet with his penis in her brothers room.

   **[ ]   Touching ███████ Stomach with his penis in her brothers room.

   **[ ]   Touching ███████ head with his penis in her brothers room.

████████████

FOREPERSON

*The foreperson may place an "X" in only one of the above (I. or II.). If the jury finds that the

sexual assault WAS NOT committed as part of a pattern of sexual abuse, then I. above should be marked. If the jury finds that the sexual assault WAS committed as part of a pattern of sexual abuse, then II. above should be marked.

**If you find that the sexual assault was committed as a pattern of sexual abuse, you must also complete this section by placing, in ink, an "X" in the appropriate boxes indicating which acts the defendant committed. You must select at least two boxes.